[No. 612-42400-3.    Division Three.    May 10, 1973.]

GLASPEY & SONS, INC., *Appellant*, v. LES CONRAD *et al.*, *Respondents.*

*Joel H. Paget* (of *Ryan, Carlson, Bush, Swanson & Hendel*), for appellant.

*Lincoln E. Shropshire, Prosecuting Attorney,* and *Paul D. Edmondson, Deputy,* for respondents.

GREEN, C.J.—Plaintiff, Glaspey & Sons, Inc., appeals the denial of its application for a writ of certiorari to review the adoption of a zoning ordinance for Yakima County by the Board of County Commissioners.

Two issues are presented: (1) Was proper notice of hearing upon the proposed zoning ordinance given pursuant to RCW 36.70.630 and procedural due process? (2) Was RCW 36.70.630 or due process violated when the board, without additional notice, adopted amendments introduced at a hearing on December 29, 1971?

These issues should be considered in light of the fact that (1) petitioner appeared at a hearing before the Board of Commissioners on November 19, 1971, where the proposed ordinance was discussed; (2) pursuant to the claimed insufficient notice, its officers went to the commissioners' office prior to the hearing and examined the proposed ordinance; (3) petitioner appeared at the December 29 hearing, following which the commissioners adopted the ordinance as amended; (4) prior to the ordinance in question, Yakima County had no zoning ordinance; and (5) it is evident that the ordinance had been recommended to the commissioners by the planning agency after compliance with the notice procedures applicable to their function under RCW 36.70 and no objection was raised with respect to those procedures.

The first issue brings into question the notice of hearing published in the Yakima Herald Republic on December 17, 1971:

NOTICE OF PUBLIC HEARING
ON PROPOSED ZONING
ORDINANCE AS AMENDED
FOR YAKIMA COUNTY

Notice is hereby given that the Board of County Commissioners of Yakima County, Washington, will hold a public hearing at 2:00 P.M. Wednesday, the 29th day of December, 1971 in Room 420 of Yakima County Courthouse, Yakima, Washington, for the purpose of discussing the pros and cons of a proposed Zoning Ordinance as amended for Yakima County. A copy of said proposed ordinance, as amended, is available in the Yakima County Commissioner's office, Room 416, Yakima County Courthouse, Yakima, Washington.

Dated this 16th day of December, 1971

IRENE TURNER

Deputy Auditor and Deputy Clerk    Dec. 17.

RCW 36.70.630 provides that if the board deems a change in the recommendations of the planning agency to be necessary, it shall conduct its own public hearing, giving notice as provided in RCW 36.70.590:

Notice of the time, place and purpose of the hearing shall be given by one publication in a newspaper of gen-

eral circulation in the county and in the official gazette, if any, of the county at least ten days before the hearing. The board may prescribe additional methods for providing notice.

First, petitioner contends the published notice did not satisfy the requirements of RCW 36.70.590 and procedural due process. In support of this contention, petitioner argues the notice was insufficient because (1) it failed to state that the hearing was the last one on the ordinance before adoption; (2) it did not set out the ordinance in whole or in part thereby prompting affected persons of average prudence to inquire about the ordinance; and (3) it made no reference to the official zoning maps. We disagree.

■ A notice is generally sufficient under zoning statutes and due process where its contents reasonably apprise those interested that certain contemplated action is pending. *See* Annot., 96 A.L.R.2d 497 (1964); *Burlington v. Dunn,* 318 Mass. 216, 61 N.E.2d 243, 168 A.L.R. 1181 (1945); *Ciaffone v. Community Shopping Corp.,* 195 Va. 41, 77 S.E.2d 817 (1953); *Neuger v. Zoning Board,* 145 Conn. 625, 145 A.2d 738 (1958); *Hewitt v. County Comm'rs,* 220 Md. 48, 151 A.2d 144, 148-49 (1959); *Heaton v. Charlotte,* 277 N.C. 506, 178 S.E.2d 352 (1971).

The instant notice clearly informed petitioner that the purpose of the hearing on December 29 was to discuss the pros and cons of a zoning ordinance. Such a hearing gives interested persons an opportunity to appear and express their views on the proposed zoning legislation so that those views can be considered by the commissioners, along with other factors in reaching a decision. *See Smith v. Skagit County,* 75 Wn.2d 715, 740, 453 P.2d 832 (1969). We do not believe RCW 36.70.590 or due process requires the commissioners to predetermine and state in the notice that it will be the last hearing. We agree with the reasoning in *Hewitt v. County Comm'rs, supra* at 56, where the court stated:

We do not think the statutory language could be construed as requiring the County Commissioners to state in advance (what they could hardly know) the exact nature of any action which they might take with regard to

matters brought to their attention at the contemplated hearing. Indeed, it is difficult to see how (without either prejudgment or prophecy) the notice here given could have been much more explicit or informative than it was. *See Ciaffone v. Community Shopping Corp., supra.*

Neither due process nor RCW 36.70.590 required that the published notice set out the ordinance in whole or in part.

Prior to the December 29 hearing, Yakima County had no zoning ordinance. The published notice informed the public that the commissioners were considering a zoning ordinance for Yakima County and that a copy of the proposed ordinance was available in their office. This notice was sufficient to place interested persons upon inquiry with respect to the contemplated action. No more is required. Its sufficiency is demonstrated by the fact that petitioner, as a result of the notice, went to the commissioners' office and examined the proposed ordinance before the hearing.

The notice published was not defective in failing to refer to the content or availability of zoning maps. Section 3 of the proposed ordinance incorporates the official zoning map by reference and declares the map to be a part of it. Since the published notice stated that the proposed ordinance was available in the commissioners' office, the maps incorporated therein by reference were included in that notice and available upon inquiry. *See Burmore Co. v. Smith,* 124 N.J.L. 541, 12 A.2d 353 (1940).

Second, the petitioner contends the amendments introduced at the December 29 hearing and later adopted violated due process and RCW 36.70.630 because the proposed ordinance referred to in the notice did not contain those amendments. The amendments alluded to were proposed by the board at the commencement of the hearing on December 29. Petitioner asserts that these amendments substantially changed the proposed ordinance and should have been noticed for additional public hearing before adoption. We disagree.

The purpose of the hearing was to discuss the pros and cons of the proposed ordinance and as a result of open

and free discussion the commissioners could, in their discretion, amend it if necessary. The fact that a hearing is required at which citizens may express their views indicates that changes might be made in the noticed proposal as a result thereof. *See Klaw v. Pau-Mar Constr. Co.,* 50 Del. 487, 135 A.2d 123 (1957). In *Heaton v. Charlotte, supra,* the court, after an extensive review of other decisions, concluded at page 518:

> Ordinarily, if the ordinance or amendment as finally adopted contains alterations substantially different (amounting to a new proposal) from those originally advertised and heard, there must be additional notice and opportunity for additional hearing. However, no further notice or hearing is required after a properly advertised and properly conducted public hearing when the alteration of the initial proposal is insubstantial. Alteration of the initial proposal will not be deemed substantial when it results in changes favorable to the complaining parties. Moreover, additional notice and public hearing ordinarily will not be required when the initial notice is broad enough to indicate the possibility of substantial change and substantial changes are made of the same fundamental character as contained in the notice, such changes resulting from objections, debate and discussion at the properly noticed initial hearing.

In the instant case, the amendments eliminated a nonconforming use provision and changed the zone classification of land owned by petitioner on South Sixteenth Avenue, Yakima, Washington from industrial to agricultural. The latter change, pursuant to petitioner's request was submitted at the prior hearing on November 19 according to the affidavit of the chairman of the Planning Commission.[1] Substituted for the nonconforming use restriction was a provision that where a lawful use of land exists which is no longer permissible under the terms of the ordinance, such use may be continued so long as it remains otherwise lawful. The ordi-

[1]Petitioner stated he wanted to subdivide this property into home sites. The change from industrial to agricultural will allow petitioner to partially achieve that goal because one house can be built on every 2 acres under the ordinance (Sec. 23); this was not true in an industrial zone (Sec. 27).

nance, as adopted, confirmed existing uses where no zoning existed. Even if the amendments were assumed to be substantial, they will not be deemed substantial inasmuch as the changes were more favorable to petitioner than the noticed ordinance. *Heaton v. Charlotte, supra.*

Thus, considering the amendments presented, we are unable to find that those amendments resulted in substantial changes, causing a serious impairment of petitioner's right to use and enjoy his property. *Pierce v. King County,* 62 Wn.2d 324, 382 P.2d 628 (1963). There is no claim the changes adopted were not fully discussed and aired at the December 29 hearing. *Aquino v. Tobriner,* 298 F.2d 674 (D.C. Cir. 1961).

The order denying the application for writ of certiorari is affirmed.

MUNSON and McINTURFF, JJ., concur.

Petition for rehearing denied May 29, 1973.

Review granted by Supreme Court July 24, 1973.