[No. 42852.   En Banc.   May 9, 1974.]

GLASPEY & SONS, INC., *Petitioner*, v. LES CONRAD *et al.*, *Respondents.*

708

*Ryan, Carlson, Bush, Swanson & Hendel* and *Joel H. Paget* and *Kenneth Hawkins,* for petitioner.

*Lincoln E. Shropshire, Prosecuting Attorney,* and *Paul D. Edmondson, Deputy,* for respondents.

STAFFORD, J.—Glaspey and Sons, Inc. (plaintiff) appealed the Superior Court's denial of a writ of certiorari to review adoption of a zoning ordinance by the Yakima County Board of County Commissioners (board). Plaintiff also appealed the denial of its alternative petition for a writ of prohibition against the ordinance. The Court of Appeals affirmed the trial court in *Glaspey & Sons, Inc. v. Conrad,* 8 Wn. App. 932, 509 P.2d 762 (1973). We granted plaintiff's petition for review.

Prior to January 4, 1972, Yakima County had no zoning ordinance. The ordinance adopted January 4 was recommended to the board by the County Planning Commission. No one contends the commission failed to comply with RCW 36.70.

Upon receiving the commission's recommendations, the board set November 19, 1971, as a hearing date to discuss the proposed zoning ordinance. Prior to attending the November 19 meeting, plaintiff visited the board's office, examined the proposed ordinance and the official zoning maps incorporated by reference under section 3 thereof.

On December 17, 1971, the board published the following notice of hearing.

NOTICE OF PUBLIC HEARING
ON PROPOSED ZONING
ORDINANCE AS AMENDED
FOR YAKIMA COUNTY

Notice is hereby given that the Board of County Commissioners of Yakima County, Washington, will hold a public hearing at 2:00 P.M. Wednesday, the 29th day of December, 1971, in Room 420 of Yakima County Courthouse, Yakima, Washington, for the purpose of *discussing the pros and cons* of a proposed Zoning Ordinance as amended for Yakima County. A copy of said proposed ordinance, as amended, *is available in the Yakima County Commissioner's office*, Room 416, Yakima County Courthouse, Yakima, Washington.

Dated this 16th day of December, 1971.

IRENE TURNER

Deputy Auditor and Deputy Clerk Dec. 17.

(Italics ours.) On December 29, 1971, plaintiff attended the hearing. The proposed ordinance, as amended, was adopted January 4, 1972.

Plaintiff contends the notice of hearing, published December 17, 1971, did not adequately state the purpose of the hearing, thus violating RCW 36.70.590 and RCW 36.70.630. Plaintiff also asserts that the inadequate notice denied it procedural due process.

■ Insofar as pertinent, RCW 36.70.590 provides:

Notice of the time, place and *purpose of the hearing* shall be given by one publication in a newspaper of general circulation in the county . . . at least ten days before the hearing.

(Italics ours.) Neither the foregoing statute nor our case law provides guidance as to the adequacy of the statement

of purpose required to be given. However, most foreign jurisdictions hold that statutes which require that notice be given prior to adoption or amendment of a zoning ordinance are construed as requiring that the notice reasonably apprise interested parties of the contemplated action that is pending. *See* Annot., 96 A.L.R.2d 497 (1964) and cases cited therein. We adopt the rule, and hold that the notice failed to comply with either the rule or with RCW 36.70.590.

According to the statement of facts, the board's trial attorney conceded that although the basic ordinance was available at the board's office, as indicated in the notice, changes were made therein later. In fact, the trial court's fourth finding of fact discloses that at the beginning of the December 29 hearing the board itself presented *"two pages of amendments . . . after which public comment was heard."* Further, the board displayed, on the hearing room wall, a zoning map different than that which would have been supported by the ordinance "on file" December 17, 1971. Nothing in the record indicates that the revised map would have been available to plaintiff prior to the hearing even though closely allied with the matter to be considered. These facts indicate clearly that prior to the December 29 hearing the board contemplated proposing and considering substantial amendments to the zoning ordinance.

We do not criticize the board for deciding that changes or amendments might be necessary. RCW 36.70.630 authorized it to do so:

> If after considering the matter at a public meeting as provided in RCW 36.70.620 the board deems a change in the recommendations of the planning agency to be necessary, *the change shall not be incorporated in the recommended control until the board shall conduct its own public hearing, giving notice thereof as provided in RCW 36.70.590, . . .*

(Italics ours.) It is important to note, however, that RCW 36.70.630 also provides that such changes shall not be made "until the board shall conduct its own *public hearing, giving notice thereof* as provided in RCW 36.70.590," *i.e.,* "No-

tice of the . . . *purpose of the hearing* . . ." (Italics ours.)

■ ■ It is a cardinal rule of statutory construction that one must give the language used its usual, ordinary meaning. *Bixler v. Hille,* 80 Wn.2d 668, 497 P.2d 594 (1972); *Pacific Northwest Alloys, Inc. v. State,* 49 Wn.2d 702, 306 P.2d 197 (1957). According to *Webster's Third New International Dictionary* (1966) a "purpose" is

> 2: an object, effect, or result aimed at, intended, or attained . . . 3: a subject under discussion or an action in course of execution.

Thus, it is clear that the word "purpose," as used in RCW 36.70.590, requires more specificity than that used by the board. The notice given did not state the hearing's "purpose."

Notice that the board would hold a hearing "for the purpose of discussing the pros and cons" of a proposed ordinance was insufficient. It did no more than reveal that the board intended to hear public discussion for and against it. *See Webster's Third New International Dictionary* (1966). The notice did not disclose, however, the board's plan to propose substantial amendments of its own. Rather, it directed the public's attention to a specific proposed amended ordinance, said to be on file in the board's office, about which the hearing was supposed to be held. Had one gone to the board's office to study the ordinance in preparation for the hearing, as plaintiff did, no indication of contemplated changes would have been found. Yet, the board possessed two pages of amendments it planned to read into the record immediately prior to the hearing.

Under such circumstances, after reading the notice and the proposed ordinance filed in the board's office, one seeking to be an informed opponent or proponent would have been misled. In short, the notice was a trap. No one could have adequately prepared for the hearing under the circumstances before us. As stated in *Passero v. Zoning Comm'n,* 155 Conn. 511, 514, 235 A.2d 660 (1967):

> The purpose of the notice required by this statute is

fairly and sufficiently to apprise those who may be affected by the proposed action of the nature and character of the proposed action so as to enable them to prepare intelligently for the hearing.

*See also Castle v. McLaughlin,* 270 F.2d 448 (D.C. Cir. 1959).

The published notice was a far cry from notice that the board, acting pursuant to RCW 36.70.630, deemed amendments to the proposed zoning ordinance necessary and that they intended to present and consider them. Further, there was no indication that the board's contemplated amendments would, if adopted, materially change the impact of the ordinance, as to certain landowners.

If such was a purpose of the hearing, and obviously it was, it should have been disclosed in the notice. It is not enough that the board was aware of the purpose. "The essence of a notice, when sufficient in form and content, is its objective consequence upon the one who receives it, not the subjective attitude of the one who gives it." *Knutzen v. Truck Ins. Exch.,* 199 Wash. 1, 8, 90 P.2d 282 (1939), citing 46 C.J. 538.

The notice employed by the board accorded plaintiff neither the fundamental fairness nor the procedural due process envisioned by RCW 36.70.590 and RCW 36.70.630.

It is not enough that the published notice enabled plaintiff to be present at the hearing. As stated above, it was also necessary that the notice have informed plaintiff of the hearing's purpose so it could intelligently represent itself. However, adequate notice of a public hearing has another, more subtle, reason that goes beyond merely enabling the opposition to give vent to its feelings. It is important that a board have an opportunity to reach an "informed" decision. That reason is thwarted if interested parties are prevented from presenting their view because of a board's failure to adequately disclose the true "purpose of the hearing." In short, failure properly to disclose the purpose of a hearing will create a potential information vacuum. Unfortunately, the interested parties as well as

the public at large will be deprived of an "informed" resolution of problems that are the subject of the hearing.

It is suggested that the zoning amendments will not result in a substantial diminution of plaintiff's right to use and enjoy its land if it is developed pursuant to the zoning changes adopted by the board. This, however, does not meet the real issue.

Without question, the adopted amendments will have an impact upon the future industrial and residential development of plaintiff's land. The amendments are no less an infringement upon the use and enjoyment of plaintiff's land because the government concludes the owner may be better off, or at least no worse off, if the land is used in the manner required by the new zoning ordinance. The crux of the problem is that plaintiff's use and enjoyment of the land will be materially affected. Since the material changes have been accomplished by zoning amendments stemming from an improper notice of hearing, the subsequent zoning changes are not made valid by the fact that plaintiff may not be hurt too badly. A good result does not render valid that which is invalid at its inception. Except possibly for instances of estoppel or laches, neither of which is here involved, we have never so held.

Whether the zoning ordinance is favorable or unfavorable to plaintiff's use of its land is irrelevant. The question is whether the amendments were validly enacted. Since they were not, the board's good intentions are for naught.

Finally, in a long line of cases we have sought to bring order, fundamental fairness, and the appearance of fairness into the field of zoning. See *Fleming v. Tacoma,* 81 Wn.2d 292, 502 P.2d 327 (1972); *Buell v. Bremerton,* 80 Wn.2d 518, 495 P.2d 1358 (1972); *Chrobuck v. Snohomish County,* 78 Wn.2d 858, 480 P.2d 489 (1971); *Smith v. Skagit County,* 75 Wn.2d 715, 453 P.2d 832 (1969). In the area of *public hearings* we have made considerable progress. However, a proper hearing can be no greater protection for the public and the individual landowner than the opportunity afforded by the notice to take an *informed part* therein. If

714

one, whether in favor of or opposed to a zoning ordinance, is forced to attend a zoning hearing both unprepared for and uninformed about the purpose, the hearing will be a farce, despite the safeguards thrown around it.

The zoning ordinance and amendments thereto were enacted based upon an invalid notice. The trial court and the Court of Appeals are reversed.

HALE, C.J., FINLEY, ROSELLINI, HUNTER, HAMILTON, WRIGHT, and UTTER, JJ., and JOHNSON, J. Pro Tem., concur.

Petition for rehearing denied June 28, 1974.