627 P.2d 1091

**Richard A. SPECHT and Darlene Specht, husband and wife, Plaintiffs-Appellees and Cross-Appellants,**

v.

**CITY OF PAGE, a corporate body; Mayor Majorie Doland, Vice Mayor James D. Lewallen, J. Robert Bostwick, Raymond Hickman, Stanford Bracken, Charles Gidcumb and Don Thibodeaux, as members of and constituting the City Council of the City of Page; William Supernaugh, Dugan Warner, Wanda White, Dr. Merrill Bryan, Charles Greisch, III, Charley Potter and Rev. James Burgess, as members of and constituting the members of the Planning and Zoning Commission of the City of Page, Defendants-Appellants and Cross-Appellees.**

No. 1 CA–CIV 5063.

Court of Appeals of Arizona,
Division 1,
Department A.

March 3, 1981.

Rehearing Denied April 14, 1981.

Review Denied May 12, 1981.

Mangum, Wall, Stoops & Warden by Gerald W. Nabours and Verkamp & Verkamp by John G. Verkamp, Flagstaff, for plaintiffs-appellees and cross-appellants.

Charles W. Stoddard, III, Page, and Jennings, Strouss & Salmon by Stephen A. Myers, Phoenix, for defendants-appellants and cross-appellees.

## OPINION

McFATE, Judge (Retired).

This is an appeal and a cross appeal from an order granting partial summary judgment in favor of each party. Defendant-appellant/cross-appellee, the City of Page [1] (hereinafter "City") appeals from the portion of the order granting summary judgment to plaintiffs-appellees/cross-appellants, Richard and Darlene Specht (hereinafter "appellees"), on Count Three of their complaint. Appellees, on cross appeal, contest the portion of the order granting the City summary judgment on Count One of the complaint. Appellees condition their cross appeal on the reversal of the order appealed by the City. As it is our conclusion that order should be affirmed, we need not further discuss the cross appeal.

Count Three of appellees' complaint sought to invalidate the City's Ordinance Number 7, the City's entire zoning ordinance, on grounds of improper adoption due to lack of sufficient notice as required by A.R.S. § 9–462.04.

The City of Page is a municipal corporation located in Coconino County, Arizona. It was incorporated on March 1, 1975. Ordinance Number 7, the zoning ordinance,

---

**1.** The named individual defendants were dismissed in regard to allegations and claims of personal liability prior to the entering of the order in question on this appeal.

was adopted by the Page City Council in February of 1976. The effective date of the ordinance was March 1, 1976. During the period from incorporation until the adoption of the ordinance, land use in the City was controlled by deed restrictions imposed by the United States Bureau of Reclamation. These deed restrictions, by their terms, expired one year after the City's incorporation or upon the City's adoption of a zoning ordinance, whichever event occurred first.

In August, 1975, the City entered into an agreement with the Northern Arizona Council of Governments (hereinafter "NACOG"), under which agreement NACOG was to provide the necessary technical assistance to draft new zoning regulations for the City. A Planning and Zoning Committee was created by the City at the request of NACOG to assist in developing a comprehensive zoning scheme. The committee held two public hearings. Notice of each hearing was published in a local newspaper of general circulation, the Lake Powell Chronicle, but if A.R.S. § 9–462.04 is applicable, neither notice was published fifteen or more days prior to the hearing date, as required by that section.

The City Council set January 26, 1976 as the time for a public hearing on the zoning ordinance, and on January 7, 1976, the following notice was published in the Chronicle:

## LEGAL NOTICE

### NOTICE OF PUBLIC HEARING

on Proposed

Zoning Ordinance

Notice is hereby given that the common council of the Town of Page, Coconino County, Arizona will hold a public hearing on the proposed zoning ordinance for the townsite of Page. The proposed zoning ordinance is a general zoning ordinance applicable to all uses of land within the boundaries of the Town of Page. That the general description of the area affected is as follows: [There follows a detailed legal description of the boundaries of the Town of Page, omitted here]. That the public hearing shall be held in the council chambers of the Page Town Hall, 697 Vista Ave., Page, Arizona beginning at 8 p. m. on the 26th day of January, 1976. Dated this 5th day of January, 1976.

Jimmie W. Frost, CMC
Town Clerk

Posted Jan. 6, 1976
Pub. lt 1/7/76

The public hearing was held at the date, place, and time published, and the zoning ordinance, Ordinance Number 7, with modifications was subsequently adopted by the City Council.

Appellees' theory below and on appeal is that Ordinance Number 7 is invalid because it was improperly adopted under the requirements stated in A.R.S. § 9–462.04. We agree.

A.R.S. § 9–462.04, as it was then in effect, read in part as follows:

§ 9–462.04. Public hearing required

A. If the municipality has a planning commission, the planning commission shall hold a public hearing on any zoning ordinance. Notice of the time and place of the hearing including a general explanation of the matter to be considered and including a general description of the area affected shall be given at least fifteen days before the hearing in the following manner:

1. The notice shall be published at least once in a newspaper of general circulation, published or circulated in the municipality, or if there is none, it shall be posted on the affected property in such a manner as to be legible from the public right-of-way and in at least ten public places in the municipality. A posted notice shall be printed so that the following are visible from a distance of one hundred feet: the word "zoning," the present zoning district classification, the proposed zoning district classification, the date and time of the hearing.

2. . . .

B. After the hearing, the planning commission shall render its decision in the form of a written recommendation to the legislative body. The recommendation shall include the reasons for the recommendation and be transmitted to the legislative body in such form and manner as may be specified by the legislative body.

C. If the planning commission has held a public hearing, the governing body may adopt the recommendations of planning commission without holding a second public hearing if there is no objection, request for public hearing, or other protest. The governing body shall hold a public hearing if requested by the party aggrieved or any member of the public or of the governing body, or, in any case, if no public hearing has been held by the zoning commission. Notice of the time and place of the hearing shall be given in the time and manner provided for the giving of notice of the hearing by the planning commission as specified in subsection A. In addition a municipality may give notice of the hearing in such other manner as it may deem necessary or desirable.

\* \* \* \* \* \*

F. If there is no municipal planning commission, the legislative body of the municipality shall perform the functions of the planning commission.[2]

Appellees contended the following both below and on appeal:

(1) The Page Planning and Zoning Committee was a "planning commission" as contemplated by A.R.S. § 9–462.04, and, as such, the adoption of the ordinance was improper since the notices given by the committee of its hearings were given less than the fifteen days in advance required by the statute;

(2) The Planning and Zoning Committee's violation of the statutory notice requirements could not be cured by subsequent action of the City Council

(i. e., the January 26, 1976 hearing held by the Council);

(3) In any case, the notices given by both the Planning and Zoning Committee and the City Council were insufficient as to form and content.

Whether the Planning and Zoning Committee should properly be considered a "planning commission" under A.R.S. § 9–462.04 is a close question. A.R.S. § 9–461.-02, as in effect at the time, provided that if a planning commission is created, the organization, number of members, terms of office and method of appointment and removal shall be specified by local ordinances. We find no indication in the record of local ordinances so providing in relation to Page's Planning and Zoning Committee. We also note that A.R.S. § 9–461.01 provides that a municipality may create a "planning agency," which need *not* be a "planning commission" as such. *See* A.R.S. § 9–461(3). The "planning agency" has statutory powers such as:

B. The planning agency shall:

1. Develop and maintain a general plan.

2. *Develop such specific plans as may be necessary to implement the general plan.*

. . . . .

4. Perform such other planning functions as the legislative body may provide. (emphasis added)

A.R.S. § 9–461.01(B).

A "specific plan" means:

[A] detailed element of the general plan enacted under the provisions of this article or a prior statute.

A.R.S. § 9–461(5). A "general plan" includes:

[M]aps, charts, graphs and text which set forth objectives, principles and standards for local growth and redevelopment.

A.R.S. § 9–461(1).

Therefore, it appears that a body engaged in formulating zoning ordinances for

2. The statute was amended in 1978. The amendments would not substantially affect the decision here.

submission to the municipality's legislative body for final approval need not, in all instances, be a "planning commission" as contemplated by A.R.S. § 9–462.04.

In view of the foregoing, the statute of the Planning and Zoning Committee as a statutory "planning commission" is debatable. However, in light of our disposition of the other issues in this case, we need not decide this particular question, and will assume, for argument, that the committee was not a "planning commission" under the statute. We also need not consider the sufficiency of the two notices relating to the hearings held by the Planning and Zoning Committee, nor deal with the difficult issue of statutory construction presented by the City's argument that even if the committee were a "planning commission," its improper actions were cured by the subsequent hearing held by the City Council.

It is undisputed that the City Council published notice of the January 26, 1976 hearing a sufficient number of days in advance of that hearing.[3] We are thus left only with the issue of whether the notice given by the City on January 7 was sufficient in form and content. We hold that it was not.

■ Compliance with notice requirements in statutes providing the method for municipal adoption of zoning ordinances is jurisdictional. *Hart v. Bayless Investment and Trading Company*, 86 Ariz. 379, 346 P.2d 1101 (1959). Furthermore, the axiomatic rule that zoning ordinances, being in derogation of common law property rights, are to be strictly construed in favor of property owners, *Kubby v. Hammond*, 68 Ariz. 17, 198 P.2d 134 (1948), applies in cases concerning compliance with the statutory notice requirements necessary for enactment of the zoning ordinance. *Hart, supra* ; *Sandblom v. Corbin*, 125 Ariz. 178, 608 P.2d 317 (App. 1980). Former A.R.S. § 9–462.04, as applicable to the case at hand, stated in part:

A. ... Notice of the time and place of the hearing *including a general explanation of the matter to be considered and, including a general description of the area affected shall be given at least fifteen days before the hearing* ...

\*   \*   \*   \*   \*   \*

C. ... The governing body shall hold a public hearing ... if no public hearing has been held by the zoning commission. *Notice of the time and place of the hearing shall be given in the time and manner provided for the giving of notice of the hearing by the planning commission as specified in subsection A.* (emphasis added)

Where the form and content of the notice is under scrutiny, this court has stated:

The purpose of public notice of action by the Board is to give persons who may be affected reasonable warning that their property may be affected, and a notice is adequate if it affords an opportunity to any person, by the exercise of reasonable diligence, to determine *if* his property would be affected *and to what extent.* (emphasis added)

*East Camelback Homeowners Association v. Arizona Foundation for Neurology and Psychiatry*, 18 Ariz.App. 121, 500 P.2d 906 (1972).

The notice in the present case states simply:

The proposed zoning ordinance is a general zoning ordinance applicable to all uses of land within the boundaries of the Town of Page.

■ A.R.S. § 9–462.04(A) requires the notice to include a "general explanation of the matter to be considered." Subsection (A)(1) of the statute is, we believe, instructive of what is meant by that phrase. It reads, in part:

1. *The notice* shall be published at least once in a newspaper of general circulation ... in the municipality, or if there is

---

**3.** Notice was published January 7, 1976, some 19 days prior to the date set for the hearing, January 26, 1976.

none, *it* shall be posted . . . and in at least ten places in the municipality. *A posted notice* shall be printed so that the following are visible from a distance of one hundred feet: the word "zoning," *the present zoning district classification, the proposed zoning district classification,* the date and time of the hearing. (emphasis added)

It should be noted that there is no distinction drawn between the *contents* required of the published notice and the posted notice. The only distinction drawn between the two is that in the posted notice, certain words of the content of the notice must be printed so as to be visible from one hundred feet. It would be illogical to conclude that information which must be included *and emphasized* in the posted notice is not required to be mentioned in the published notice. The statute refers to only one notice and requires that it shall set forth, among other things, "the proposed zoning classification." We construe this to mean that the substantive content of the notice, whether published or posted, must include the proposed zoning classification. The published notice here does not contain this information.

Additionally, the notice at issue here inferred that its purpose was to gain community input on the zoning ordinance. The notice did not state that as a result of those hearings the proposed ordinance would be adopted. At the January 26 hearing the proposed ordinance, particularly Section 3.8, was changed significantly, yet the notice mentioned nothing about the fact that such changes would be considered nor about the impact such changes would have on particular areas of the town. In this respect, therefore, the notice was additionally deficient. *Glaspey & Sons, Inc. v. Conrad,* 83 Wash.2d 707, 521 P.2d 1173 (1974).

In sum, the notice *sub judice* should have set forth a "general explanation" of the ordinance to be considered from which an interested property owner could ascertain in general how and to what extent his property would be affected by the proposed zoning. Furthermore, the notice should have apprised interested citizens what action, if any, was contemplated at the hearing in respect to the ordinance.

The City asks that even if the procedures it has followed be found improper, the situation "will be looked upon with enough flexibility to allow the Town of Page to have its zoning ordinance. More harm can be done by 'unzoning' every parcel of land in the town than by clinging to rigid standards, where no one has been hurt." In this connection, we note that Arizona courts have long taken a firm stand demanding strict compliance with zoning procedures. *Hart, supra; McIntyre v. Mohave County,* 127 Ariz. 317, 620 P.2d 696 (1980); *Kubby, supra.* Furthermore:

> A good result does not render valid that which is invalid at its inception. Except possibly for instances of estoppel or laches, neither of which is here involved, we have never so held.

*Glaspey, supra.* The Arizona Supreme Court, in invalidating Maricopa County's zoning ordinances, stated:

> Although we recognize that laches may, under some circumstances, bar an individual complainant from asserting the invalidity of an ordinance, we cannot agree that the mere passage of time will suffice to instill life into an enactment which was void at its inception. We hold that both . . . ordinances are void and of no effect.

*Hart, supra,* 86 Ariz. at 392, 346 P.2d at 1114.

The order of the trial court is affirmed.

CONTRERAS, P. J., and OGG, J., concur.