Celia N. PASTER, d/b/a Paster Enterprises, Appellant,

v.

**GLEN PAUL COURT NEIGHBORHOOD ASSOCIATION, et al., Intervenors, Respondents,**

v.

**CITY OF SHOREVIEW, Respondent.**

No. CO–88–145.

Court of Appeals of Minnesota.

June 7, 1988.

Review Granted July 28, 1988.

Christopher J. Dietzen, Thomas H. Weaver, Bloomington, for Celia N. Paster, appellant.

Blake M. Graham, Mark A. Gray, Roseville, for Glen Paul Court Neighborhood Ass'n, et al., intervenors, respondents.

Jerome P. Filla, Roseville, for City of Shoreview, respondent.

Heard, considered and decided by CRIPPEN, P.J., and LANSING and SCHULTZ,* JJ.

## OPINION

CRIPPEN, Judge.

Celia Paster appeals from a summary judgment which voided a zoning change made by respondent City of Shoreview, and awarded respondents Glen Paul Court Neighborhood Association and others their attorney fees to be paid by Shoreview. We reverse and remand.

## FACTS

Appellant Celia Paster owns a 2.77 acre parcel of undeveloped property in the city of Shoreview. In May 1983, the city planning commission held a public hearing to consider a draft ordinance which completely revised the Shoreview zoning and development code. The proposed ordinance provided for rezoning most of the parcels of property located in Shoreview, including the Paster property. The city proposed to change the zoning of the Paster property from B-3 limited business to office zoning.

The May 1983 hearing was preceded by published notice, but no individual notice was mailed to property owners.

About a month after the planning commission hearing, Paster wrote to the planning commission. Paster requested the property be zoned R-3 high density residential which would allow residential development as a permitted use. The commission agreed with the suggested zoning and made the change on the zoning map proposed for city council review in August.

On August 1, 1983, respondent City of Shoreview adopted the comprehensive revision of the city's development and zoning regulations as Shoreview Ordinance No. 458. As part of the comprehensive revision, the city rezoned the Paster property to R-3 high density residential in accordance with the recommendation of the planning commission. Because the rezoning was not in accordance with the city's original comprehensive zoning plan, the city amended the comprehensive guide plan map on September 19, 1983 to reflect the Paster rezoning.

In August 1985, Paster filed an application with the city for approval to construct a 61 unit apartment building as permitted under the R-3 zoning of the property. The city's planning staff recommended approval of the application subject to certain conditions. After Paster made certain revisions prompted by neighboring residents, the city's planning director again recommended approval of the building plans. Neighboring residents who were concerned with the proposed apartment's potential effects (including traffic flow, fire safety, and property values) petitioned to have the Paster property zoned to R-1 detached residential, thus precluding approval of the plans to build an apartment building. On June 19, 1986, the city council denied the petition to rezone but also denied Paster's building application.

Paster petitioned for a writ of mandamus to require the city to issue a building permit. Respondents Glen Paul Court Neighborhood Association and others moved the

* Acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. 6, § 2.

trial court for permission to intervene and respond to the petition. The trial court granted the motion.

The intervening association moved for summary judgment to have the August 1983 rezoning of the Paster property invalidated. The association claimed that individual notice of a hearing on the rezoning was required by Minn.Stat. § 462.357, subd. 3 (1986) and the Shoreview zoning code. The trial court granted the motion and declared the rezoning of the Paster property invalid, thus restoring the zoning to B-3 limited business. The court also ordered the city to pay $2500 in attorney fees to the association pursuant to Minn. Stat. § 549.21 (1986) for maintaining a defense in bad faith.

Paster appeals, claiming the notice requirements are inapplicable to the rezoning of her property. The city agrees with Paster and also seeks review of the trial court's award of attorney fees.

## ISSUE

Is the city's 1983 rezoning of this parcel fatally defective because of failure to give individual mailed notice of a hearing on the action?

## ANALYSIS

■ In reviewing the decisions of local governing bodies in zoning matters, this court must apply the same scope of review used in review of agency decisions. *Northwestern College v. City of Arden Hills*, 281 N.W.2d 865, 868 (Minn.1979). That is, we are to review the actions of the Shoreview City Council independent of, and without deference to, the findings and conclusions of the trial court. *See id.*

Minn.Stat. § 462.357, subd. 3 (1982), which governed the 1983 zoning change, provided in part:

> No zoning ordinance or amendment thereto shall be adopted until a public hearing has been held thereon by the planning agency or by the governing body. A notice of the time, place and purpose of the hearing shall be published in the official newspaper of the municipality at least ten days prior to the day

of the hearing. *When an amendment involves changes in district boundaries affecting an area of five acres or less, a similar notice shall be mailed* at least ten days before the day of the hearing to each owner of affected property and property situated wholly or partly within 350 feet of the property to which the amendment relates. * * * The failure to give mailed notice to individual property owners, or defects in the notice shall not invalidate the proceedings, provided a bona fide attempt to comply with this subdivision has been made.

*Id.* (emphasis added).

Chapter 216 of the Shoreview zoning code also requires special notice of public hearings on rezoning amendments. The 1983 version of that ordinance provision provided in part:

> The Village Clerk shall set a date for a public hearing to be held by the Planning Commission on the application and shall publish notice of the time, place and purpose thereof in the official newspaper of the Village at least 10 days prior to the day of the hearing.

> When an amendment involves changes in district boundaries, a similar notice shall be mailed at least ten days before the day of the hearing to each owner of affected property and to each owner of property situated wholly or partly within two hundred (200) feet of the property to which the amendment relates.

Shoreview, Minn.Ordinances § 216.020(D).

The rationale behind the notice requirement is evident. Special rezoning amendments may affect the whole community, but neighborhood owners and residents are especially interested in these changes. Although mailed notice to neighbors is reasonably required for zoning amendments, it would be an unreasonable burden to require similar notice to every member of the community prior to enacting a comprehensive zoning ordinance.

Where special proposals involve small parcels, but the combined proposals involve more than five acres of land, personal notice requirements remain reasonable—this

is especially true when the zoning change is initiated by a private property owner rather than by the community itself.

The same public policy approach is demonstrated by the Shoreview ordinance. Sections 216.010–20 of the ordinance deal specially with zoning law amendments. This takes into account the fact that initiatives of the municipality for adoption of a new, comprehensive ordinance could be accomplished without neighborhood notice.

■ The neighborhood association claims the notice requirements of the state statute (Minn.Stat. § 462.357, subd. 3) and the municipal ordinance (section 216.020(D)) were applicable in this case. The record does not require this conclusion. On the one hand, the R–3 zoning proposal was specially initiated by the property owner. It was, however, presented and considered in the course of the city's effort to develop a new comprehensive zoning ordinance, and it was adopted as part of the new ordinance.

The trial court concluded that neighborhood notice requirements of the statute and the ordinance governed rezoning of the Paster property, even though the court found that "the rezoning of the site was part of a comprehensive revision of respondent/defendant City of Shoreview's development regulations (City of Shoreview Ordinance No. 458)." We disagree with this application of the law. If the city action can fairly be categorized as part of the adoption of a comprehensive zoning ordinance, it was error to conclude that personal neighborhood notices were required.

Taking into account the special proposal of Paster for rezoning, but also taking into account the fact that this proposal was acted upon in the course of a general rezoning, it must be decided whether there was a special zoning amendment requiring personal notice to neighbors. It appears to us, consistent with the trial court's finding, that the rezoning here was part of a comprehensive zoning action, such that neighborhood notice was not required. We observe, however, that the trial court made this finding without anticipating the legal consequence we hold to be appropriate, and that the parties have not had an opportunity to address the significance of conflicting considerations in terms of the law of the case decided here. For these reasons, we remand for redetermination of the case by the trial court.

■ The trial court also found the 1983 rezoning of the Paster property violated the Shoreview ordinance prohibiting certain spot rezoning. Section 202.110 of Shoreview Ordinance No. 458 states that an R–3 rezoning requires a "minimum zoned area of 5 acres unless being rezoned from urban underdeveloped." Because the rezoning here became part of the comprehensive revision of the city's zoning ordinances, it was made a part of Ordinance No. 458, which includes the minimum zoned area requirement. In other words, the rezoning and the adoption of the minimum zoned area requirement were simultaneous enactments. The special handling of the Paster rezoning supercedes the general ordinance language on lot size requirements. *See* Minn.Stat. § 645.26, subd. 1 (1986) (special provisions prevail and are construed as an exception to the general provision).

We have recognized significant questions as to whether the August 1983 zoning was valid. It follows that the city's defense to this lawsuit was not in bad faith, and the trial court's award of attorney fees pursuant to Minn.Stat. § 549.21 (1986) must be reversed.

### DECISION

We reverse the trial court's summary judgment and remand for reconsideration in light of this opinion. The trial court must decide more particularly the nature of the rezoning in this case to determine whether personal notice requirements applied. Depending on this determination, the court may then reach the question of whether a writ of mandamus should issue.

The trial court's award of attorney fees pursuant to Minn.Stat. § 549.21 (1986) is reversed.

Reversed and remanded.