GLEN PAUL COURT NEIGHBORHOOD ASSOCIATION, et al., Intervenors, Petitioners, Appellants,

v.

Celia N. PASTER, d/b/a Paster Enterprises, Respondent,

v.

CITY OF SHOREVIEW, Respondent.

No. C0–88–145.

Supreme Court of Minnesota.

March 17, 1989.

Blake M. Graham, Mark A. Gray, Roseville, for intervenors, petitioners, appellants.

Christopher J. Dietzen, Bloomington, for Celia N. Paster.

Jerome P. Filla, Roseville, for City of Shoreview.

WAHL, Justice.

This case raises the question of when, if at all, the individual mailed notice required by Minn.Stat. § 462.357, subd. 3 must be given in the course of a city-wide comprehensive rezoning. At issue is the validity of the rezoning of a 2.77 acre parcel of land from B–3 limited business to R–3 high density residential. The parcel is located in the City of Shoreview and is owned by respondent Celia Paster, doing business as Paster Enterprises, a business engaged in the acquisition and development of real property. The trial court found mailed notice was required and determined the re-

zoning was null and void. The court of appeals reversed. We reverse in part, affirm in part.

The City of Shoreview adopted a Comprehensive Municipal Land Use Plan on May 10, 1982. The City thereafter directed its planning staff to prepare a Development Ordinance, a proposed zoning ordinance, to implement the goals and policies of the new comprehensive land use plan. The Paster property, which in 1982 was located in a B-3 limited business zoning district, was included in the proposed ordinance in a newly created office (O) zoning district because the B-3 limited business district was eliminated.[1]

The City published notice of a public hearing which was held before the Shoreview Planning Commission on May 17, 1983, to consider "Repealing Chapters 201–312 of the Shoreview Zoning Code and adopting a revised Development Ordinance relating to Zoning and Platting within the City of Shoreview." At the hearing there were no questions or comments regarding the proposed office rezoning of the Paster property. No mailed notice was given to adjacent property owners before the May 17, 1983 hearing or at any time before adoption of the proposed ordinance nor was any attempt made to do so. The Planning Commission recommended adoption of the Ordinance after the May hearing.

In June, 1983, one month after the May 17, 1983 hearing, Paster requested by letter that the City rezone her property R-3 high density residential instead of the proposed office zoning. Under this designation, the land could be developed with a density of 8 to 20 units per acre. This request was not referred to the Planning Commission. The change was recommended by the staff. No other properly noticed public hearing was held prior to the adoption of the rezoning amendment, although all council meetings were public.

On August 1, 1983 the City Council adopted the proposed zoning revision as Shoreview Ordinance No. 458, including Paster's requested R-3 Zoning. The 2.77 acre Paster property comprised the total area of its newly established R-3 zoning district. On September 19, 1983 the City Council amended the future land use map portion of its comprehensive plan to reflect the change from commercial use to high density residential use for the Paster property.

In August, 1985, Paster filed an application to construct a 61 unit apartment on the site. The application was tabled in September, 1985, because it exceeded the permitted density for the property. In April 1986, neighboring residents petitioned the city to rezone Paster's land as R-1 detached residential. The city denied both the rezoning request and Paster's revised building plan June 16, 1986. Paster then filed a request for a writ of mandamus from Ramsey County District Court to compel the City to approve the application she had submitted in August, 1985 for a revised site and building plan to construct a 55 unit apartment building at the site which had a designated density of 20 units per acre.

Appellants, Glen Paul Court Neighborhood Association and others, who are owners of single-family homes adjacent to or near the Paster property, moved for and were granted intervenor status in the mandamus action. Appellants moved for summary judgment, arguing that the August 1, 1983 R-3 rezoning of the site was invalid because, as owners of the property within 350 feet of affected property, they had not been given individual mailed notice as required by Minn.Stat. § 462.357, subd. 3 when a zoning amendment involves changes in district boundaries affecting an area of 5 acres or less. They also argued that under City of Shoreview Ordinance No. 458, Section 202.110, an R-3 rezoning requires a "minimum zoned area of 5 acres unless being rezoned from urban underdeveloped."

---

1. At oral argument the City stated that the draft of the new zoning ordinance, which was completed by the Spring of 1983, combined the City's previous zoning and subdivision regulations, changed the text of the previous regulations, eliminated some existing zoning classifications and added some new classifications.

The trial court granted intervenors' motion for summary judgment. The trial court found that the R–3 rezoning amendment was adopted as part of a comprehensive revision of Shoreview's development regulations (Ordinance No. 458), but that individual mailed notice of public hearing to property owners within 350 feet was required pursuant to Minn.Stat. § 462.357, subd. 3 and that no such notice had been given nor had the City made a bona fide attempt to give it. The trial court held the August 1, 1983 R–3 rezoning of the site null and void and ordered Shoreview to restore the zoning ordinance classification and comprehensive guide designation for the site to its prior equivalent classification. Finding the City had maintained its defense of the site's rezoning in bad faith within the meaning of Minn.Stat. § 549.21, the trial court also awarded intervenors attorney fees of $2,500. Paster and the City appealed.

The court of appeals found individual mailed notice to be an unreasonable burden and not required in the context of a comprehensive zoning ordinance revision. *Paster v. Glen Paul Court Neighborhood Association,* 424 N.W.2d 305, 307–308 (Minn.App.1988). The court of appeals also found no violation of the Ordinance 458 sec. 202.110, since the ordinance requiring a five-acre minimum zoned area requirement was passed simultaneously with the rezoning of Paster's land. *Id.* at 308. The special handling of the Paster rezoning, the appeals court reasoned, superseded the general ordinances language in conformity with Minn.Stat. § 645.26, subd. 1 (1988) (special provisions are construed as an exception to general provisions). *Id.* The court of appeals reversed the summary judgment and the award of attorney fees and remanded the case for reconsideration. We granted review.

The issues on appeal are whether failure to provide the individual mailed notice of public hearing required by Minn.Stat.

§ 462.357, subd. 3 invalidates Paster's rezoning; and whether the rezoning violates the R–3 minimum area requirement of Shoreview Ordinance No. 458. Appellants request an affirmance of the trial court decision in all respects. Where the trial court has granted summary judgment and the facts are not in dispute, this court, on review, will reverse only for an error in the application of the law. *See Betlach v. Wayzata Condominium,* 281 N.W.2d 328, 330 (Minn.1979)

I

■ Adoption and amendment of the proposed comprehensive zoning ordinance by the Shoreview City Council was subject to the requirements of subdivisions 3, 4, and 5 of Minn.Stat. § 462.357 (1988).[2] The statute at issue in this case is subdivision 3, which provides, in relevant part:

Subd. 3. **Public hearings.** No zoning ordinance or amendment thereto shall be adopted until a public hearing has been held thereon by the planning agency or by the governing body. A notice of the time, place and purpose of the hearing shall be published in the official newspaper of the municipality at least ten days prior to the day of the hearing. *When an amendment involves changes in district boundaries affecting an area of five acres or less, a similar notice shall be mailed at least ten days before the day of the hearing to each owner of affected property and property situated wholly or partly within 350 feet of the property to which the amendment relates.* * * * *The failure to give mailed notice to individual property owners, or defects in the notice shall not invalidate the proceedings, provided a bona fide attempt to comply with this subdivision has been made.* (Emphasis added).

Minn.Stat. § 462.357, subd. 3 (1988).
Paster and the City argue that only published notice of the one public hearing was

**2.** Subdivision 2 of section 462.357 provides that At any time after the adoption of a land use plan for the municipality, the planning agency, for the purpose of carrying out the policies and goals of the land use plan, may prepare a proposed zoning ordinance and submit it to the governing body with its recommendations for adoption. Subject to the requirements of subdivisions 3, 4 and 5, the governing body may adopt and amend a zoning ordinance by a two-thirds vote of all its members.

required because the City was adopting a comprehensive zoning ordinance. Appellants contend that even if the ordinance, as originally proposed, required only published notice, Paster's request for R–3 zoning, after the May 17, 1983 public hearing on the proposed zoning ordinance, was an amendment to that ordinance. In case of such an amendment, subdivision 2 clearly required another public hearing preceded by mailed notice.

To determine whether mailed notice was required under these circumstances, we must be guided by the rules for statutory interpretation. Where on its face or in application a statute's meaning is clear, there is no room for construction. *Knopp v. Gutterman*, 258 Minn. 33, 40, 102 N.W. 2d 689, 695 (1960). Sections of the statute should be construed together, giving the words their plain meaning. *See Chanhassen Estates Residents Ass'n. v. Chanhassen*, 342 N.W.2d 335, 339 (Minn.1984). Where the language is ambiguous and two interpretations are possible, the court's role is to construe the statute in accordance with the probable intent of the legislature. Minn.Stat. § 645.16 (1988). We read the plain language of the statute to require mailed notice in this case.

Subdivision 3 is clear: "No zoning ordinance or amendment thereto shall be adopted" without the requisite notice and hearing. Minn.Stat. 462.357, subd. 3. The comprehensive plan was a zoning ordinance within the scope of subdivision 3, which could not be adopted without proper notice and a public hearing. Proper notice of the comprehensive zoning ordinance was the published notice given by the City of the time, place and purpose of the May 17, 1983 public hearing. No mailed notice was required to property owners adjacent to parcels of less than five acres which would be affected by the comprehensive rezoning. The mailed notice requirement, however, was triggered by Paster's June 17, 1983 zoning request. This request was an amendment to the comprehensive plan to rezone Paster's property from office to R–3 high density residential, an amendment neither contemplated nor discussed at the prior public hearing.

To hold that mailed notice was required would fulfill the legislative purpose of individual notice, protecting nearby property owners from arbitrary or detrimental "spot zoning" by advising them of proposed changes to small parcels of land. When larger areas of land are rezoned, property owners are expected to determine for themselves, after published notice, whether nearby properties will be affected.

Respondents press the burdensomeness of the mailed notice requirement in this case. We are not persuaded that the administrative burden perceived by the City excuses the individual notice required by subdivision 3. The legislature created an exception for administrative inconvenience for cities of the first class in subdivision 5 of Minn.Stat. § 462.357 (1988).[3] No exception for administrative burden appears in subdivision 3, however, and we decline to create one. Administrative convenience does not outweigh the right of property owners to statutorily mandated due process. If the required individual mailed notice becomes too burdensome, the remedy lies with the legislature. *See State Dept. of Highways v. McWhite*, 286 Minn. 468, 472, 176 N.W.2d 285, 288 (1970). We hold the amendment to the proposed comprehensive zoning ordinance, rezoning the 2.77 acre site in question after the properly noticed public hearing, required mailed notice pursuant to Minn.Stat. § 462.357, subd. 3.

## II

■ Having determined that subdivision 3 required mailed notice, we must next consider the effect of statutory non-compliance on the zoning of Paster's site. The proceedings are not invalidated if a bona fide attempt to comply with the statute has been made. Minn.Stat. § 462.357, subd. 3.

---

**3.** Minn.Stat. § 462.357, subdivision 5 provides that when cities of the first class amend their zoning ordinances, they must obtain written consent from two-thirds of the property owners within 100 feet of the affected property. That consent requirement is waived if the area affected is greater than 40 acres and obtaining such consent is impractical.

Paster argues that because the city did not believe it needed to send individual notice, the failure to do so was a bona fide attempt to comply with the statute. Paster ignores the fact that this court previously interpreted the bona fide attempt exception in *Pilgrim v. City of Winona*, 256 N.W.2d 266 (Minn.1977). In *Pilgrim* we said that strict compliance with the statute may be excused when slight defects occur in an otherwise appropriate notice, e.g. notice was mailed nine rather than ten days in advance, or inadvertently omitted the location of the meeting place when meetings are always held in the same place. *Pilgrim*, 256 N.W.2d at 270. In the case before us, we do not have a slight defect in an otherwise appropriate notice. The City's failure to send individual mailed notice to affected property owners in the belief such notice was not required was not a bona fide attempt to comply with the statute.

Paster also contends that appellants' petition to rezone Paster's property to R–1 detached residential validated the original R–3 zoning. Not so. While an initially invalid ordinance may be cured by legislative action, the act must identify the void ordinance and clearly indicate an intent to validate the ordinance. *Pilgrim*, 256 N.W. 2d at 271. In the absence of such a clear indication, the invalid ordinance cannot be revitalized by an attempt to amend. *Id.* Appellants' 1986 attempt to rezone Paster's property was an attempt to reverse the ordinance, not to validate it.

Finding no bona fide exception nor validation by subsequent petition to rezone, we hold the amendment rezoning the 2.77 acre site, adopted without individual mailed notice to affected property owners and without a hearing, is invalid and a nullity. This result comports both with the intent of the legislature, where a bona fide attempt to comply with the statute is lacking, and with scholarly commentary. *See* McQuillan, 8A *Municipal Corporations* § 25.249 (3d ed. 1986);[4] *see also*, Rhyne, *Municipal Law* 832 (1957), (where substantial changes in a proposed zoning ordinance are made after a hearing, a new hearing must be held to allow interested parties to present competent evidence before an impartial tribunal, otherwise, the ordinance is void).

### III

Our holding does not invalidate the City's comprehensive rezoning ordinance, only the improperly adopted amendment affecting Paster's 2.77 acre site. Consequently, that parcel is currently unzoned. A properly noticed hearing must be held to determine the appropriate designation for that property. In rezoning the property, the city must adhere to its ordinance which requires a five acre lot minimum for high-density residential (R–3) zoning. Ordinance No. 458, section 202.110.

We reverse the court of appeals and reinstate the summary judgment granted by the trial court. The court of appeals correctly determined, however, that the City's defense of this lawsuit was not in bad faith, and that the trial court's award of attorney fees pursuant to Minn.Stat. § 549.21 (1986) was in error. We affirm that determination.

REVERSED IN PART; AFFIRMED IN PART.

KEITH, J. took no part in the consideration or decision of this case.

4. Several other jurisdictions have also stated that if the notice is insufficient the ordinance is void. *See e.g., Builders Development Co. v. City of Opelika*, 360 So.2d 962, 965 (Ala.1978) (ordinance declared void because notice appeared fourteen, rather than fifteen days before the hearing); *see also Specht v. City of Page*, 128 Ariz. 593, 598, 627 P.2d 1091, 1096 (App.1981) ordinance invalidated since notice did not meet statutory content requirements); *Simmons v. Zoning Commission*, 35 Conn.Sup. 246, 252, 407 A.2d 191, 196–197 (1979) (failure to give notice created defect in committee's jurisdiction, ordinance invalidated); *Schoeller v. Board of County Comm'rs*, 568 P.2d 869, 874 (Wyo.1977) (ordinance cannot be statutorily adopted without notice and hearing).