[No. 4679–1. Division One. May 8, 1978.]

HARLAN D. DULMAGE, *Appellant,* v. THE CITY OF SEATTLE, ET AL, *Respondents.*

*Davis, Wright, Todd, Riese & Jones, William Rives,* and *Edward A. White,* for appellant.

*Graham, Cohen, Wampold, Wesley & Munro* and *Allan W. Munro,* for respondents.

ANDERSEN, J.—

FACTS OF CASE

On certiorari, the Superior Court of the State of Washington for King County sustained the decision of the Seattle Civil Service Commission placing Harlan D. Dulmage in the position of computer operations manager for the City. Dulmage appeals. We affirm.

In November of 1973, Dulmage was discharged from his position as data processing center manager for the City of Seattle. Thereafter, effective January 1, 1974, that position was abolished and two new positions were created in its place, computer operations manager (manager) and data processing administrator (administrator).

Then following extensive discharge hearings, the civil service commission of the City of Seattle (commission) ruled on October 9, 1974, that Dulmage had been wrongfully discharged and ordered him to be "reinstated in the position from which he was dismissed." He was reimbursed back pay by the City and two additional hearings were then held with respect to clarifying the commission's reinstatement order. This resulted in the commission ordering Dulmage reinstated to the new position of manager rather than

to the new position of administrator which was the higher paying position of the two.

There is one ultimate issue.

ISSUE

Did the Seattle Civil Service Commission commit reversible error in ordering the appellant Dulmage reinstated to the position of computer operations manager rather than to that of data processing administrator?

DECISION

CONCLUSION. After reviewing the entire record presented, we conclude as did the trial court that the commission's classification was not arbitrary or capricious, was supported by substantial, competent evidence and should be affirmed.

Dulmage argues that the City simply relabeled the job designation in order to get rid of him. The City, on the other hand, argues that Dulmage is trying to use the commission's reinstatement order to achieve an unearned promotion.

■ Offices and positions of employment in municipal governments are frequently reclassified. The law with respect to this is summarized in 3 E. McQuillin, *Municipal Corporations* § 12.134 (3d ed. rev. 1973):

> The action of a civil service commission with respect to reclassification will not be disturbed by the courts where it did not act illegally or arbitrarily, but will be disturbed where such action was arbitrary and unreasonable.
>
> Reclassification of positions by merely establishing a title and moving individuals into positions to fill such a title in order to establish a differential in pay is not enough. It should be shown that there is a substantial difference in the work performed and that the reclassification accords with realities.

(Footnotes omitted.) And further:

> Where there are contested factual issues as to whether the functions and duties of the newly created classified position are comparable to those previously carried out by employees, as a matter of fundamental fairness, the employees are entitled to an evidentiary hearing.

(Footnote omitted.) 3 E. McQuillin, *Municipal Corporations* § 12.134 (3d ed. rev. 1973, Supp. 1977), citing *Cunningham v. Department of Civil Serv.,* 69 N.J. 13, 350 A.2d 58 (1975).

The commission has considerable though not unlimited discretion. It cannot act arbitrarily or capriciously. *Reiger v. Seattle,* 57 Wn.2d 651, 653, 359 P.2d 151 (1961). Its decision must be based on adequate, competent evidence. RCW 7.16.120(4) and RCW 7.16.120(5); *Porter v. Civil Serv. Comm'n,* 12 Wn. App. 767, 777, 532 P.2d 296 (1975).

The commission is not a state agency or performing a state function; therefore, the administrative procedures act, RCW 34.04, does not apply. RCW 34.04.010(1); *Edwards v. City Council,* 3 Wn. App. 665, 668–69, 479 P.2d 120 (1970). Technical rules of evidence need not be strictly followed by the commission. *Porter v. Civil Serv. Comm'n, supra* at 772; 4 E. McQuillin, *Municipal Corporations* § 12.261a (3d ed. rev. 1968).

The scope of judicial review of the commission's decision is limited.

> The court is neither a fact–finding agency, a policy–making body, nor a hiring hall. Its function is limited to testing the legality of the administrative procedure.

*State ex rel. Perry v. Seattle,* 69 Wn.2d 816, 820, 420 P.2d 704 (1966).

As held in *Helland v. King County Civil Serv. Comm'n,* 84 Wn.2d 858, 862, 529 P.2d 1058 (1975):

> In reviewing the actions of administrative agencies, this court has consistently followed the rule established in *Reiger v. Seattle,* 57 Wn.2d 651, 359 P.2d 151 (1961), wherein we stated on page 653:
>> [T]he judiciary will only review the actions of an administrative agency to determine if its *conclusions* may be said to be, *as a matter of law,* arbitrary, capricious, or contrary to law.

Under Seattle City Charter, art. 16, § 3, the commission was authorized to classify positions "on the basis of equivalent functions and responsibilities." We are satisfied that

there was substantial, competent evidence from which the commission, with its expertise in such matters, could properly decide that the position of manager was the one to which Dulmage should be reinstated. Such evidence particularly included the job descriptions and position specifications of the three positions and the organization charts of the General Services Department's data processing center division. Those documents had been admitted into evidence in Dulmage's discharge hearings wherein he was represented by counsel. The procedural fairness of those hearings is not disputed, and counsel for Dulmage agreed before the commission that the testimony and evidence presented at the discharge hearings could be considered at the classification hearings.

The commission could well have ruled in favor of Dulmage on the record presented. We cannot say, however, that there was room for only one opinion on the matter and the commission's conclusion cannot be said to have been arbitrary or capricious as a matter of law. *Helland v. King County Civil Serv. Comm'n, supra* at 863.

The classification hearings were relatively informal. Dulmage was also represented by counsel in those hearings. No additional evidence was admitted, it being Dulmage's position, as stated to the commission at those hearings, that its decision should be made based on the record of the discharge hearings. It is true that the commission considered two staff reports and a color–coded job comparison chart, not admitted into evidence at any of the hearings, and did so without allowing Dulmage the right to cross–examine the staff members who prepared them.[1] The trial court did not consider this to be prejudicial error, nor do we under the circumstances.

---

[1]Although we do not consider it determinative, we do observe that the requests on behalf of Dulmage to cross–examine the staff, which were made prior to the commission's announced decision, were not entirely unequivocal. Furthermore, counsel for Dulmage had been given copies of the reports well prior to the January 8, 1975 hearing, at which the decision was made, and the comparison

■ In the first place, the two reports and chart were primarily based on the job descriptions and position specifications that had been admitted into evidence at the discharge hearings, and pursuant to the agreement of Dulmage and the commission, could be considered in the classification hearings. The descriptions and specifications were not hearsay. *See also Porter v. Civil Serv. Comm'n, supra* at 775–77. The consideration by the commission of the hearsay nature of the remaining portion of the reports was not prejudicial error necessitating a new classification hearing since it did not in our opinion result in a denial of substantial justice. *Porter v. Civil Serv. Comm'n, supra* at 775–77; 4 E. McQuillin, *Municipal Corporations* § 12.261b (3d ed. rev. 1968). *See Hearsay Evidence In Proceedings Before State Administrative Agencies,* Annot., 36 A.L.R.3d 12 (1971).

Furthermore, the jobs comparison chart, which was based on documents properly admitted in evidence, was in essence a summary of such records. It could therefore properly be considered by the commission. *Keen v. O'Rourke,* 48 Wn.2d 1, 5, 290 P.2d 976 (1955); *State v. Ralph Williams' North West Chrysler Plymouth, Inc.,* 87 Wn.2d 298, 323, 553 P.2d 423 (1976).

The trial court in its oral opinion did state, however:

And I think that the Civil Service Commission would be advised to take care to allow, in a reasonable way, challengers of positions contained in staff reports, to confront head–on, those responsible for preparing the principal portions of those reports.

We fully agree.

Nor do we consider the commission's action to constitute a deprivation of due process as Dulmage further argues. *See Association of Capitol Powerhouse Eng'rs v. State,* 89 Wn.2d 177, 185–86, 570 P.2d 1042 (1977).

No reversible error was committed.

chart had been placed on an easel and referred to at the prior October 30, 1974 hearing.

938

Affirmed.

SWANSON and CALLOW, JJ., concur.