[No. 5685–1. Division One. October 16, 1978.]

OLEN V. ANDREW, ET AL, *Respondents,* v. KING
COUNTY, ET AL, *Respondents,* RAGING RIVER
MINING, INC., *Appellant.*

*James R. Young,* for appellant.

*Smith, Brucker, Winn & Ehlert, Roger M. Leed, Christopher T. Bayley, Prosecuting Attorney,* and *Richard Elliott, Deputy,* for respondents.

ANDERSEN, A.C.J.—

FACTS OF CASE

On certiorari, the Superior Court of the State of Washington for King County reversed the decision of the King County Board of Appeals and determined that the Raging River Quarry was not a legal nonconforming use permitted under the King County zoning code. The quarry owner appeals. We reverse and remand.

The Raging River Quarry, which is the subject of this action, is located adjacent to the Raging River and is between the towns of Preston and Fall City in a largely rural area of King County. A determination was made by an administrative department of King County that the quarry was a valid nonconforming use. That decision was appealed to the King County Board of Appeals by property owners who live in the vicinity of the quarry.

The King County Board of Appeals (hereinafter "board of appeals") is a seven–member board established by the King County Charter to hear and decide appeals from administrative rulings in zoning and certain other designated cases. King County Charter art. 7, § 720. It is an administrative tribunal with quasi–judicial powers and in zoning cases performs functions similar to those of boards of adjustment in noncharter counties. It properly had jurisdiction of the parties, as well as of the subject matter of the case. King County Charter art. 7, § 720; King County Code

§§ 21.52.130 and 21.58.080; *Bartz v. Board of Adjustment,* 80 Wn.2d 209, 216, 492 P.2d 1374 (1972).

In the present case, the board of appeals granted a de novo hearing at which all parties were heard in person or by counsel and evidence was introduced. Thereafter, the board of appeals entered its findings of fact, conclusions of law and decision in writing as it is required to do. King County Code §§ 20.32.010; 20.28.070; King County Board of Appeals, King County Board of Equalization, Rules of Procedure art. 2, § 6(A)(5) (adopted January 28, 1975).

As to the site in question, the board of appeals found that: it has been used as a rock quarry beginning about 1935; it existed prior to the adoption of the King County zoning code in 1958, and under that code it was not an outright permitted use; it was used intermittently over the years as a quarry; its ownership changed many times but its purpose and sales basis was always that of a quarry site; rock quarries are peculiar in operation in that they operate only when there is need for material and the need is sufficient to justify quantity production, and when the need is not present, quarry operations may cease for as long as a year or more.[1]

Based on these findings, the board of appeals concluded that the administrative determination under review was correct and "that the rock quarry activity constitutes a legal non–conforming use, and that such use is still effective."

In certiorari proceedings, the Superior Court reviewed the record presented to it in response to its writ of certiorari directed to the board of appeals and determined that the quarry was not a legal nonconforming use.

The quarry owner's appeal to this court presents one ultimate issue for determination.

---

[1]Some of the findings of fact are labeled as conclusions of law. A finding of fact labeled as a conclusion of law will nevertheless be treated as a finding of fact. *Keller v. Bellingham,* 20 Wn. App. 1, 12, 578 P.2d 881 (1978).

## ISSUE

Did the Superior Court err in reversing the administrative tribunal and itself deciding that the quarry was not a lawful nonconforming use?

## DECISION

CONCLUSION. The Superior Court correctly concluded that the administrative tribunal made a mistake of law in arriving at its decision. The Superior Court erred, however, when it went on to then decide itself that the quarry was not a lawful nonconforming use, rather than remanding the case to the board of appeals which, as the trier of the fact in this case, was the body to make that determination.

█ Generally speaking, a use which lawfully existed prior to the enactment of a zoning ordinance or resolution, and which is maintained after the effective date of the ordinance or resolution, although it does not comply with the use restrictions applicable to the area in which it is situated, is commonly referred to as a "nonconforming use." This basic definition is used by most authorities without significant variation and, in substance, is written into most zoning ordinances, resolutions and statutes, and is used in most judicial opinions on the subject. 1 R. Anderson, *American Law of Zoning* § 6.01 (2d ed. 1976); 8A E. McQuillin, *The Law of Municipal Corporations* § 25.185 (3d ed. rev. 1976). *See* King County Code § 21.04.455.[2]

█ Nonconforming uses are not favored in law, *Keller v. Bellingham,* 20 Wn. App. 1, 9, 578 P.2d 881 (1978), and it is only to avoid injustice that zoning laws except them. *Coleman v. Walla Walla,* 44 Wn.2d 296, 300, 266 P.2d 1034 (1954).

To qualify as a nonconforming use in the first instance, the use in issue must lawfully exist on the date specified in the zoning code. *Anderson v. Island County,* 81 Wn.2d 312,

---

[2]King County Code § 21.04.455 reads:

"'Non-conforming use' means a use which was lawfully established and maintained but which, because of the application of this title, no longer conforms to the use regulations of the zone in which it is located as defined by this title."

321, 501 P.2d 594 (1972); 1 R. Anderson, *American Law of Zoning* § 6.10 (2d ed. 1976); 8A E. McQuillin, *The Law of Municipal Corporations* § 25.185 (3d ed. rev. 1976). The date specified in the King County zoning code was August 12, 1958.

■ If the nonconforming use is subsequently abandoned or discontinued, however, the right to continue it as a nonconforming use comes to an end. *Saddle River ex rel. Perrin v. Bobinski,* 108 N.J. Super. 6, 259 A.2d 727 (1969); 1 R. Anderson, *American Law of Zoning* § 6.60 (2d ed. 1976); 8A E. McQuillin, *The Law of Municipal Corporations* § 25.191 (3d ed. rev. 1976).

■ The mere temporary cessation of a nonconforming use, however, does not effect abandonment or discontinuance of the nonconforming use. 8A E. McQuillin, *The Law of Municipal Corporations* § 25.196 (3d ed. rev. 1976). As our State Supreme Court expressed it in *King County v. High,* 36 Wn.2d 580, 582, 219 P.2d 118, 18 A.L.R.2d 722 (1950), where the court had before it a zoning code using the word "discontinued" rather than the word "aban-. doned":

> The evidence wholly refutes any idea that the nonconforming use was discontinued. Many cases recognize the rule that a temporary cessation of business or discontinuance of a nonconforming use due to war conditions, or other causes over which the owner or operator has no control, do not constitute a discontinuance or abandonment within the meaning of zoning laws or ordinances; also, that discontinuance or abandonment depends upon the intention of the party affected, and the time element is merely evidential of such intention.

The parties opposing the status of the quarry as a nonconforming use argue, however, that the use of the quarry which was intermittent does not have to be abandoned but need only be discontinued for any reason for a period of over 1 year. In support of their position, they cite the following language which is now a part of the King County zoning code:

> If any nonconforming use of land not involving a nonconforming building or any nonconforming use of a conforming building *is discontinued for a continuous period of more than one year,* such land or building shall not again be occupied or used except by a conforming use.

(Italics ours.) King County Code § 21.52.030(2).

Most courts, however, have merged the terms "discontinue" and "abandon" and require proof of an intent to abandon even though the zoning code speaks in terms of a discontinued use or a use discontinued for a specified period of time. 1 R. Anderson, *American Law of Zoning* § 6.63 (2d ed. 1976). *See King County v. High, supra.* The prevailing view is expressed by the Supreme Court of Alabama:

> The courts have generally held that the word discontinuance, as used in a zoning ordinance, is equivalent to abandonment. A discontinuance results from the concurrence of an intent to abandon and some overt act or failure to act which carries the implication of abandonment.

*Board of Zoning Adjustment v. Boykin,* 265 Ala. 504, 508, 92 So. 2d 906, 909 (1957). Thus the cessation of a use for the 1-year period prescribed by the King County zoning code is only prima facie evidence of an intent to abandon the nonconforming use.

■ In order to find that the quarry owner had discontinued or abandoned the nonconforming use, it was necessary to find an intent to abandon it and an overt act or failure to act which carried the implication of abandonment. Whether there was such an intent to abandon is a question of fact for the trier of the fact. *See Bianco v. Darien,* 157 Conn. 548, 254 A.2d 898, 902 (1969); *Mundt v. Mallon,* 106 Mont. 242, 76 P.2d 326, 328 (1938); *Hoke v. Stevens–Norton, Inc.,* 60 Wn.2d 775, 777, 375 P.2d 743 (1962).

Here the board of appeals did not find as a fact that the use of the property as a quarry lawfully existed on the date specified in the zoning code or that the use was not subsequently discontinued or abandoned. Both of these findings

were necessary to sustain the board of appeals' decision that the quarry was an existing legal nonconforming use at the time this litigation arose. Neither is there any oral decision or other expression of the board of appeals' finding on these points. The Superior Court, therefore, did not err when it determined that the board's findings did not support its conclusion and decision that a valid nonconforming use now exists.

However, the trial court went further and itself determined that there was not a valid nonconforming use. This was error.

We first observe that the King County Board of Appeals is not a state agency, therefore, the administrative procedures act does not apply. RCW 34.04.010; *State v. Board of Valuation,* 72 Wn.2d 66, 69, 431 P.2d 715 (1967); *Messer v. Snohomish County Bd. of Adjustment,* 19 Wn. App. 780, 783, 578 P.2d 50 (1978). Furthermore, the administrative appeal from the King County department to the board of appeals was not merely an appeal on the departmental record wherein the board of appeals was prohibited from substituting its discretion for that of the department whose decision it was reviewing, *see Messer v. Snohomish County Bd. of Adjustment, supra* at 787, but was a full hearing de novo resulting in the board of appeals making its own decision based on its own findings.

■ The scope of judicial review of the board of appeals' action is limited. Review being by certiorari in this case, the courts are governed by statute:

The questions involving the merits to be determined by the court upon the hearing are:

(1) Whether the body or officer had jurisdiction of the subject matter of the determination under review.

(2) Whether the authority, conferred upon the body or officer in relation to that subject matter, has been pursued in the mode required by law, in order to authorize it or to make the determination.

(3) Whether, in making the determination, any rule of law affecting the rights of the parties thereto has been violated to the prejudice of the relator.

(4) Whether there was any competent proof of all the facts necessary to be proved, in order to authorize the making of the determination.

(5) If there was such proof, whether there was, upon all the evidence, such a preponderance of proof, against the existence thereof, rendered in an action in a court, triable by a jury, as would be set aside by the court, as against the weight of evidence.

RCW 7.16.120.

As above noted, the board of appeals did have jurisdiction and was proceeding in the fashion required by law. These are appropriate determinations for a court to make pursuant to this statute. RCW 7.16.120(1); RCW 7.16-.120(2). As we have also determined, the board of appeals in making its determination did violate rules of law in not finding the ultimate material facts necessary to sustain its conclusion and determination that the quarry was a nonconforming use. That determination is also an appropriate one for the courts to make under the statute. RCW 7.16-.120(3).

The Superior Court cannot, however, go further and determine from the testimony and evidence what the facts were. Nor can we.

"It seems clear that our statutory certiorari and review proceeding contemplates a review in the courts of the proceeding had in an inferior tribunal only upon the record of such proceeding made therein, and that such review is in no sense a trial *de novo* of the questions determined by the inferior tribunal sought to be reviewed." *State ex rel. Spokane & I. E. R. Co. v. Board of Equalization*, 75 Wash. 90, 134 Pac. 695.

*Carleton v. Board of Police Pension Fund Comm'rs*, 115 Wash. 572, 577, 197 P. 925 (1921). Here the board of appeals was functioning in a quasi–judicial capacity utilizing the expertise of its members on zoning matters and it, not the court, must determine the facts. *Carleton v. Board of Police Pension Fund Comm'rs, supra* at 578–79; 8A E. McQuillin, *The Law of Municipal Corporations* § 25.330 (3d ed. rev. 1976).

In this case, there was testimony and evidence, or inferences which could properly be drawn therefrom by the trier of the fact, from which it could be determined that the quarry either was or was not a lawful nonconforming use in 1958 when the King County zoning code was adopted—and from which it could also be determined that there either was or was not an intent to abandon or discontinue it.[3] Thus, the trial court erred in determining these questions as a matter of law. RCW 7.16.120(4); RCW 7.16.120(5); *State ex rel. Boltin v. Cotterill*, 125 Wash. 533, 536, 216 P. 851 (1923).

We hold that the Superior Court exceeded its proper scope of review when it determined that the Raging River Quarry was not a lawful nonconforming use. The quarry owner's other assignments of error not encompassed within this ruling are not meritorious.

■ In reviewing the actions of administrative agencies, the courts in determining the competency and sufficiency of the evidence before the agency commonly express the test to be applied in terms of whether, based on the entire record, the agency's action was arbitrary or capricious. *See Helland v. King County Civil Serv. Comm'n*, 84 Wn.2d 858, 862, 529 P.2d 1058 (1975); *Dulmage v. Seattle*, 19 Wn. App. 932, 935, 578 P.2d 875 (1978). Although stated somewhat differently, that test is essentially the same as the test for competency and sufficiency of the evidence expressed in the last two sections of the certiorari statute, RCW 7.16.120(4) and RCW 7.16.120(5), set out above. *State ex rel. Tidewater–Shaver Barge Lines v. Kuykendall*, 42 Wn.2d 885, 891,

---

[3]As illustrative of the type of testimony which is in the administrative record, and which only the trier of the fact with the witnesses before it could properly weigh, are the following brief excerpts from the testimony of Mr. Wallace Bohall who owned the quarry property from approximately 1955 to 1971:

"and so there was someone—there has been all the time, during my ownership, some sort of activity in the quarry."

\* \* \*

"Q Did you at any time during your ownership intend to abandon the quarry?
"A Not at all.
"Q Or did you ever at any time intend to discontinue its use as a quarry?
"A Not at all."

259 P.2d 838 (1953); *Helland v. King County Civil Serv. Comm'n,* 10 Wn. App. 683, 519 P.2d 258 (1974), *rev'd on other grounds,* 84 Wn.2d 858, 529 P.2d 1058 (1975); *Dulmage v. Seattle, supra.*

Where, as here, the administrative fact–finding tribunal is required to enter written findings of fact, the purpose of such findings is not only to inform the parties of the basis of the decision, but is also to assist the courts in reviewing the administrative action. *Salsbery v. District of Columbia Bd. of Zoning Adjustment,* 318 A.2d 894, 896 (D.C. Cir. 1974); *Wilson v. Pencader Corp.,* 57 Del. 290, 199 A.2d 326, 330 (1964). *See also In re Woods,* 20 Wn. App. 515, 516, 581 P.2d 587 (1978).

In this connection we adopt the following language in a similar case, *Salsbery v. District of Columbia Bd. of Zoning Adjustment,* 318 A.2d at 898, wherein Judge Nebeker, writing for the District of Columbia Court of Appeals, concluded:

> The proper disposition in this case must be remand. Such remand is not solely for the purpose of redrafting findings and conclusions to facilitate our review and reinforce the Board's decision. The Board may deem it desirable, in applying the [appropriate] criteria . . ., to conduct further hearings or to even reach a different result.

*Accord, Wilson v. Pencader Corp., supra.*

The judgment of the Superior Court and the holding and decision of the King County Board of Appeals are reversed. The cause is remanded to the Superior Court with instructions to vacate its judgment and to remand the case to the King County Board of Appeals for further proceedings in conformity with this opinion.

JAMES and CALLOW, JJ., concur.

Reconsideration denied November 16, 1978.

Review denied by Supreme Court March 16, 1979.