[No. 5102–8–II. Division Two. December 3, 1982.]

ERICA DOOR, *Appellant,* v. THE CITY OF PUYALLUP, ET AL, *Respondents.*

*Neil J. Hoff,* for appellant.

*Richard Thompson, City Attorney,* and *Jon W. Orton,* for respondents.

WORSWICK, J.—Appellant Erica Door challenges the constitutionality of two provisions of a Puyallup ordinance. We hold the provisions constitutional and affirm.

On July 2, 1979, Puyallup adopted ordinance 1766 regulating massage parlors and massagers. Among other things, the ordinance required windows on the doors of massage rooms and provided for inspection of the rooms during business hours. On August 23, 1979, two police detectives inspected appellant's massage parlor and discovered she

had not installed windows in the massage room. The city clerk later denied appellant's application for a massage operator's license, in part because she had not complied with the window regulation. The Puyallup City Council affirmed the clerk's decision. Appellant appealed to superior court by writ of certiorari. The court affirmed, and upheld the constitutionality of all but one section of the ordinance.[1] The issue presented is whether the provisions of the ordinance requiring windows and permitting inspections violate appellant's rights to equal protection of the law and freedom from unreasonable searches.[2]

 Because superior court review was by writ of certiorari, RCW 7.16.120, the court was limited to review of the record before the Council and to a determination of whether the Council's action was arbitrary and capricious or contrary to law. *Andrew v. King Cy.*, 21 Wn. App. 566, 586 P.2d 509 (1978). We conduct the same review, but de novo. *See Smith v. Skagit Cy.*, 75 Wn.2d 715, 453 P.2d 832 (1969).

 Two tests are used to measure classifications alleged to violate equal protection: the strict scrutiny test and the rational relation test. *State v. Smith,* 93 Wn.2d 329, 610 P.2d 869 (1980); *Nielsen v. Washington State Bar Ass'n,* 90 Wn.2d 818, 585 P.2d 1191 (1978). The rational

---

[1]Section 8(A)(5) of the ordinance required the clerk to deny a license to any applicant whose license had been denied, revoked or suspended within 5 years of the original application date. The Superior Court held the 5–year requirement unconstitutional. After trial, the Council amended section 8(A)(5), shortening the time from 5 years to 1 year, and appellant assigned error to the trial court's alleged approval of the 1–year waiting period. However, the 1–year period was never before the trial court, and therefore we do not review this assignment of error.

[2]At oral argument, counsel for appellant said that appellant now has a massage license. Consequently, two issues are moot: whether the trial court erred in not ordering appellant's license reinstated pending appeal, and whether the ordinance violated appellant's due process rights by allowing the Council to deny the license because of an earlier lewd conduct conviction. Counsel also abandoned his claims that the license application fees were unreasonable, and that the Council violated the appearance of fairness doctrine.

relation test is used unless the government infringes upon a fundamental right or creates a suspect classification. *Smith,* 93 Wn.2d at 336; *Brewer v. Copeland,* 86 Wn.2d 58, 542 P.2d 445 (1975). Appellant contends that the ordinance provisions violate her fundamental right to privacy, and therefore the ordinance should be strictly scrutinized.[3] We disagree.

No right to privacy is found in any specific provision of the United States Constitution. Nevertheless, the United States Supreme Court has recognized constitutional zones of privacy which limit governmental power. *Paul v. Davis,* 424 U.S. 693, 47 L. Ed. 2d 405, 96 S. Ct. 1155 (1976). Only personal rights that can be deemed "fundamental" or "implicit in the concept of ordered liberty" are included. *Roe v. Wade,* 410 U.S. 113, 152, 35 L. Ed. 2d 147, 93 S. Ct. 705 (1973). These rights have been limited to activities relating to marriage, procreation, contraception, family relationships, child rearing and education. *Paul,* 424 U.S. at 713. *State v. Adler,* 16 Wn. App. 459, 558 P.2d 817 (1976). We hold that the right to give or receive a massage does not rise to the level of these fundamental activities. Therefore, we evaluate the ordinance under the rational relation test.

That test requires a 3–part inquiry: (1) Does the classification apply alike to all members within the designated class? (2) Does some basis in reality exist for reasonably distinguishing between those within and without the designated class? (3) Does the classification have a rational relation to the purpose of the challenged legislation? *Yakima Cy. Deputy Sheriff's Ass'n v. Board of Comm'rs,* 92 Wn.2d 831, 601 P.2d 936 (1979); *Simpson v. State,* 26 Wn. App. 687, 615 P.2d 1297 (1980). The ordinance satisfies these requirements. It applies on its face to all massage parlors and massagers; the record supports the City Council's legislative declaration that some massage parlors in the Puyallup area were fronts for prostitution; and the chal-

---

[3] Counsel for appellant conceded at oral argument that the ordinance does not create a suspect classification.

lenged provisions were designed to stop prostitution in the parlors. Thus, there was a basis in reality for distinguishing between massage parlors and other personal service businesses or professions, and the windows and inspections are rationally related to the purpose of preventing prostitution.

Appellant contends that the ordinance violates her Fourth Amendment rights by allowing warrantless searches of her business. We disagree. Where a business is subject to extensive governmental regulation and frequent unannounced inspections are necessary to ensure compliance, warrantless inspections are valid if authorized by a statute which sufficiently delineates the scope, time and place of inspection. *Washington Massage Found. v. Nelson,* 87 Wn.2d 948, 953, 558 P.2d 231 (1976). This rule balances the competing public interest in inspection and the individual interest in freedom from unreasonable searches. *Washington Massage Foundation,* 87 Wn.2d at 953. The Puyallup ordinance satisfies these requirements. The Council determined that extensive regulation of massage parlors was necessary to stop prostitution, and the warrantless window inspections were necessary to achieve the regulatory purpose. The ordinance is very specific regarding the time, place and scope of inspections.[4] We hold that the challenged provisions of the Puyallup ordinance are constitutionally valid.

---

[4]The inspections are limited to the areas where massage takes place during business hours. Section 22(5) delineates the scope of inspections:

Such inspections shall be limited to the following purposes:

(a) To ascertain whether or not all massagists working on the establishment premises possess the proper permit.

(b) To ascertain whether or not the requirements of Section 19 (Facilities Standards) are met.

(c) To ascertain whether or not the requirements of Section 20 (Operating Requirements) are met.

(d) To inspect the records required to be maintained by Section 21 for good cause shown.

(e) To ascertain whether the provisions of Section 17 [Unlawful Acts] and 18 [Liquor, controlled substances prohibited] are being complied with.

Affirmed.

REED, C.J., and PETRICH, J., concur.