[No. 10363–6–I.   Division One.   July 16, 1984.]

Francis L. Chaussee, *Appellant,* v. Snohomish County
Council, et al, *Respondents.*

*Terry E. Thomson,* for appellant.

*Seth Dawson, Prosecuting Attorney,* and *Sue A. Tanner, Deputy,* for respondents.

CALLOW, J.—Francis L. Chaussee appeals the judgment of the Superior Court for Snohomish County, affirming the administrative decisions of the hearing examiner and County Council of Snohomish County which held that Snohomish County Code, Title 20A (SCC 20A) and the minimum road standards incorporated therein were applicable to a parcel of Chaussee's real property.

The issues presented are:

1. Whether the hearing examiner and County Council had jurisdiction to consider the issue of equitable estoppel;

2. Whether technical compliance with the statutory notice requirements of RCW 36.70.590 prior to the adoption of SCC 20A and its minimum road standards was insufficient to satisfy constitutional requirements of procedural due process;

3. Whether the Superior Court in reviewing the proceeding below on a writ of certiorari was precluded from consideration of Chaussee's claim of equitable estoppel due to the inadequacy of the administrative record.

Francis L. Chaussee, owner of Framont Construction Co., Inc., is a builder by trade and has also been involved in

several land developments. In early February of 1979, Chaussee obtained an option to purchase a 598–acre tract of land known as the Fraley Mountain River Ranch Development. His intent was to subdivide the property into 5–acre tracts for single family residential development. He retained Ruskin Fisher, a professional land surveyor, to subdivide the tract. At that time there was no local ordinance regulating 5–acre tracts. Thereafter, Chaussee spent approximately $100,000 in conducting extensive engineering work including drainage analysis, soil studies, survey of the property, making of boundary markers, purchase of pipes and equipment, and preparation of a detailed topographic map.

On Saturday, June 16, 1979, the Snohomish County Planning Commission (Planning Commission) gave notice pursuant to RCW 36.70.590 of a public hearing to consider adoption of proposed Title 20A of the Snohomish County Code regulating subdivisions containing tracts 5 acres or larger in size. SCC 20A.04.020. Neither Chaussee nor any of his agents received actual notice of or attended the hearing. Following the hearing, the Planning Commission recommended adoption of SCC 20A as well as a document entitled "Minimum Standards for Private Roads Serving Large Tract Segregations" (minimum road standards) incorporated by reference therein.

On July 30, 1979, SCC 20A and the minimum road standards were adopted by the Board of Snohomish County Commissioners (Board) at its regular 10 a.m. public meeting. No notice was given as none was required by state statute or local ordinance. Chaussee and Fisher, however, knew of the meeting and Fisher was in attendance. Fisher then immediately filed the first of the four sheets of the record of survey for the Fraley Mountain River Ranch Development. On August 28, 1979, the remaining three sheets of the survey were completed and filed with the Snohomish County Auditor. Based on Fisher's mistaken belief that there was a 30–day grace period from July 30, 1979, in which to file the final three sheets of the record of

survey and the county auditor's acceptance of those sheets on August 28, 1979, Chaussee proceeded with the project. He spent substantial sums of money to further the development including completion of the necessary engineering, road construction, and the commencement of a sales program in November of 1979. On February 1, 1980, Chaussee exercised his option to purchase the property.

In early 1980, Chaussee learned that although SCC 20A was not applicable to the first survey sheet, the final three survey sheets were subject to SCC 20A. He was also alerted that the pending rezone of the Arlington area by the Board would, if adopted, result in requirements for larger lot sizes than proposed. On March 31, 1980, the Board adopted zoning for the Arlington Comprehensive Plan area which caused portions of Chaussee's property to be zoned rural conservation, rural 5–acre, and forestry (20 acres minimum lot size).

On May 15, 1980, Chaussee received the planning department's administrative decision that those portions of Chaussee's property not recorded prior to July 30, 1979, must be approved pursuant to SCC 20A and that until such approval, no development permits would be issued. Chaussee appealed this decision to the hearing examiner, the sole issue being the applicability of SCC 20A to those survey sheets filed on August 28, 1979. The hearing before the hearing examiner was conducted on June 24, 1980, and Chaussee was permitted to present evidence on issues of due process and estoppel as well as the actual issue on appeal. On July 2, 1980, the hearing examiner determined that the three survey sheets filed after July 30, 1979, the effective date of SCC 20A, were not exempt, and entered an order which stated:

The Examiner hereby DENIES the appeal of Francis L. Chaussee and thereby sustains the Administrative Determination of the Planning Department. The appellant's issues of due process, effective date of ordinance, adoption of road standards, and estoppel are found by the

Examiner to be beyond the scope of his authority and are not decided herein.

Chaussee appealed this determination to the Snohomish County Council (Council), its predecessor being the Board. SCC 1.04.030.

On August 6, 1980, the Council, limiting its review to the administrative determination that SCC 20A applies to the three final survey sheets, upheld the hearing examiner despite Chaussee's contentions regarding lack of due process and estoppel. Chaussee then filed a statutory writ of certiorari in the Snohomish County Superior Court pursuant to RCW 7.16 and SCC 2.02.190 for review of the Council's decision.

The Superior Court affirmed the decision of the hearing examiner and the Council and held that it could consider the issues of due process and equitable estoppel despite the fact that neither was considered below. The Superior Court further held that sufficient notice was given to comport with procedural due process so as not to render SCC 20A and the minimum road standards incorporated therein constitutionally invalid, but that the administrative record was inadequate to properly decide the presence or lack of equitable estoppel. Chaussee now appeals.

## SCOPE OF REVIEW

■ Initially, it should be noted that "[a] statutory writ of certiorari, RCW 7.16.040, serves to review agency actions only when the agency is exercising quasi–judicial functions", *Mentor v. Nelson,* 31 Wn. App. 615, 617–18, 644 P.2d 685 (1982), and "may not be used to obtain judicial review of purely legislative, executive or ministerial acts of the agency." *Washington Fed'n of State Employees v. State Personnel Bd.,* 23 Wn. App. 142, 145, 594 P.2d 1375 (1979). The 4–part test for determining whether administrative action is quasi judicial is:

> (1) whether a court could have been charged with making the agency's decision; (2) whether the action is one which historically has been performed by courts;

(3) whether the action involves the application of existing law to past or present facts for the purpose of declaring or enforcing liability; and (4) whether the action resembles the ordinary business of courts as opposed to that of legislators or administrators.

*Williams v. Seattle Sch. Dist. 1,* 97 Wn.2d 215, 218, 643 P.2d 426 (1982) (quoting *Washington Fed'n of State Employees v. State Personnel Bd., supra* at 145–46).

Here, the various administrative actions fit within these four criteria. The hearing examiner's and Council's actions amounted to the application of law, SCC 20A, to particular facts. Such a function is one historically performed by courts and a court could have been charged with making such decision. The actions further amounted to applying existing law to past or present facts and resembled the ordinary business of the courts. An administrative agency which applies existing legislation and policy to specific individual interests is not legislative, but quasi judicial in character. *See Cooper v. Board of Cy. Comm'rs,* 101 Idaho 407, 614 P.2d 947 (1980). Consequently, review by statutory writ of certiorari was proper under RCW 7.16.040.

The superior court's scope of review under a statutory writ of certiorari, RCW 7.16.120, was as follows:

The questions involving the merits to be determined by the court upon the hearing are:

(1) Whether the body or officer had jurisdiction of the subject matter of the determination under review.

(2) Whether the authority, conferred upon the body or officer in relation to that subject matter, has been pursued in the mode required by law, in order to authorize it or to make the determination.

(3) Whether, in making the determination, any rule of law affecting the rights of the parties thereto has been violated to the prejudice of the relator.

(4) Whether there was any competent proof of all the facts necessary to be proved, in order to authorize the making of the determination.

(5) If there was such proof, whether there was, upon all the evidence, such a preponderance of proof, against the existence thereof, rendered in an action in a court, triable by a jury, as would be set aside by the court, as

against the weight of evidence.

The first three subsections of this statute govern jurisdiction and the legality of the lower tribunal's decision. The last two subsections govern the court's review of factual matters and encompass, essentially, the arbitrary and capricious standard used in nonwrit cases. *Andrew v. King Cy.*, 21 Wn. App. 566, 586 P.2d 509 (1978); *Dulmage v. Seattle*, 19 Wn. App. 932, 578 P.2d 875 (1978); *State ex rel. Tidewater–Shaver Barge Lines v. Kuykendall*, 42 Wn.2d 885, 259 P.2d 838 (1953).

*Murphy v. Seattle*, 32 Wn. App. 386, 389–90, 647 P.2d 540 (1982). The Superior Court further had "inherent appellate jurisdiction to determine if agency action was illegal and violative of fundamental rights." *Punton v. Seattle Pub. Safety Comm'n*, 32 Wn. App. 959, 963, 650 P.2d 1138 (1982); *see Williams v. Seattle Sch. Dist. 1, supra.*

The Superior Court's review "was limited to review of the record before the Council and to a determination of whether the Council's action was arbitrary and capricious or contrary to law." *Door v. Puyallup*, 33 Wn. App. 310, 312, 654 P.2d 720 (1982). This court engages in the same review, but de novo. *Door*, at 312; *see Andrew v. King Cy.*, 21 Wn. App. 566, 586 P.2d 509 (1978).

The *first* issue is whether the hearing examiner and County Council had jurisdiction to consider the issue of equitable estoppel in an administrative proceeding.

A county may implement by ordinance an area of regulation essential to the use of property not covered by the planning enabling act, RCW 36.70. *Bartz v. Board of Adj.*, 80 Wn.2d 209, 214, 492 P.2d 1374 (1972). However, "[a]dministrative agencies are creatures of the legislature without inherent or common–law powers and may exercise only those powers conferred either expressly or by necessary implication." *State v. Munson*, 23 Wn. App. 522, 524, 597 P.2d 440 (1979); *see Human Rights Comm'n v. Cheney Sch. Dist. 30*, 97 Wn.2d 118, 125, 641 P.2d 163 (1982).

A detailed examination of the statutes and ordinances on which the authority of the hearing examiner and Council are based is required in order to determine the extent of

their jurisdiction. Since a state agency is not involved, the administrative procedure act does not apply. RCW 34.04-.010; *Andrew v. King Cy., supra* at 573. RCW 36.70.970 states:

> As an alternative to those provisions of this chapter relating to powers or duties of the planning commission to hear and issue recommendations on applications for plat approval and applications for amendments to the zoning ordinance, the county legislative authority may adopt a hearing examiner system under which a hearing examiner or hearing examiners may hear and issue decisions on proposals for plat approval and for amendments to the zoning ordinance when the amendment which is applied for is not of general applicability. *In addition, the legislative authority may vest in a hearing examiner the power to hear and decide conditional use applications, variance applications, applications for shoreline permits or any other class of applications for or pertaining to land uses.* The legislative authority shall prescribe procedures to be followed by a hearing examiner.
>
> . . .
>
> Each final decision of a hearing examiner shall be in writing and shall include findings and conclusions, based on the record, to support the decision. Such findings and conclusions shall also set forth the manner in which the decision would carry out and conform to the county's comprehensive plan and the county's development regulations. Each final decision of a hearing examiner, unless a longer period is mutually agreed to in writing by the applicant and the hearing examiner, shall be rendered within ten working days following conclusion of all testimony and hearings.

(Italics ours.)

Pursuant to this authority, Snohomish County has established a hearing process for quasi–judicial matters, SCC 2.02.010,[1] by implementing a hearing examiner system. SCC 2.02.020 gives the hearing examiner authority to "interpret, review and implement land–use regulations". Under SCC 2.02.100,

---

[1] References to SCC 2.02.010 *et seq.* are those provisions which were in effect as of June 24, 1980.

The examiner shall receive and examine available information, conduct public hearings and prepare a record thereof, and enter decisions as provided for herein.

(1) The decision of the hearing examiner on the following matters shall be final unless such decision is appealed to the board pursuant to Section 2.02.170: . . .

(d) Administrative zoning appeals (SCC 18.88.090–.120);

The decision of the hearing examiner is "final and conclusive" unless appealed within 10 days. SCC 2.02.170. Upon appeal, the Council

may accept, modify or reject the examiner's decision, or any findings or conclusions therein, or may remand the decision to the examiner for further hearing.

SCC 2.02.190. Any further review is by "writ of certiorari from the Snohomish County Superior Court." SCC 2.02-.190.

The interpretation by the hearing examiner that he was without jurisdiction to consider the issue of equitable estoppel is supported by the relevant statutory and code provisions. His determination is limited to an administrative proceeding to determine whether or not a particular piece of property is subject to a county land ordinance.[2] Hence, he was strictly limited to determine whether SCC 20A was applicable to those portions of Chaussee's property included in the final three survey sheets filed on August 28, 1979. He had no discretion to exempt a landowner from SCC 20A based on what he deemed equitable without regard to statutory requirements and the need for substantial evidence to meet statutory requirements. *See Janaman v. New Castle Cy. Bd. of Adj.*, 364 A.2d 1241, 1242–43 (Del. Super. Ct. 1976). It should also be noted that the hearing examiner is not required to be an attorney and would lack the legal expertise to handle such questions. *See* SCC 2.02-

---

[2]RCW 36.70.020(12) defines an "ordinance" as "a legislative enactment by a board [of county commissioners]; in this chapter the word, 'ordinance', is synonymous with the term 'resolution', as representing a legislative enactment by a board of county commissioners."

.040.

The Council was also without jurisdiction to consider the issue of equitable estoppel.

> The general legal principles which apply to appeals from lower to higher courts do not apply to administrative review of administrative determinations. The scope and nature of an administrative appeal or review must be determined by the provisions of the statutes and ordinances which authorize them.

(Citations omitted.) *Messer v. Snohomish Cy. Bd. of Adj.,* 19 Wn. App. 780, 787, 578 P.2d 50 (1978).

The statutory provisions governing the Council's authority do not bestow upon the Council the general jurisdiction to consider all legal and equitable issues. RCW 36.70.970 states, in part:

> Any county which vests in a hearing examiner the authority to hear and decide conditional uses and variances shall not be required to have a zoning adjuster or board of adjustment.
>
> Each county legislative authority electing to use a hearing examiner pursuant to this section shall by ordinance specify the legal effect of the decisions made by the examiner. Such legal effect may vary for the different classes of applications decided by the examiner but shall include one of the following:
>
> (1) The decision may be given the effect of a recommendation to the legislative authority;
>
> (2) The decision may be given the effect of an administrative decision appealable within a specified time limit to the legislative authority.

SCC 2.02.180 further sets forth the Council's review as follows:

> The board shall consider the matter based upon the written record before the examiner, the examiner's decision, the written appeal, if any, and any written comments received by the board . . .; provided, that the board may publicly request additional information of the applicant, the examiner, county departments or other interested parties.

The applicable statutory and code provisions do not expressly or impliedly indicate that the Council has the

broad jurisdictional power to consider equitable issues. Rather, its authority is restricted to review of the hearing examiner's decision and, thus, would be restricted to those issues within the hearing examiner's jurisdiction. *See, e.g.,* RCW 36.70.860. Finally, although not dispositive, the Council's determination that it was without jurisdiction to consider equitable estoppel is entitled to great weight with the court. *Belgarde v. Brooks,* 19 Wn. App. 571, 578, 576 P.2d 447 (1978).

The Superior Court properly determined that the hearing examiner and County Council were without jurisdiction to consider equitable issues. RCW 7.16.120(1). The failure of these administrative bodies to consider the issue of equitable estoppel was not violative of due process.

The *second* issue is whether technical compliance with the statutory notice requirements of RCW 36.70.590 prior to the adoption of SCC 20A and its minimum road standards was insufficient to satisfy constitutional requirements of procedural due process.

RCW 36.70.580 requires that "[b]efore recommending an official control or amendment to the board for adoption, the [planning] commission shall hold at least one public hearing." There is no dispute that SCC 20A is an "official control" as defined by the planning enabling act. *See* RCW 36.70.020(11), .550, .560. Moreover,

> Notice of the time, place and purpose of the hearing shall be given by one publication in a newspaper of general circulation in the county and in the official gazette, if any, of the county at least ten days before the hearing. The board may prescribe additional methods for providing notice.

RCW 36.70.590.

On June 16, 1979, the Planning Commission caused to be published in the Everett Herald, a newspaper of general circulation, notice that a public hearing would be conducted on June 26, 1979, at 9:30 a.m. in the county hearing room, first floor, County Administration Building, Everett, Washington, to consider proposed SCC 20A. The notice further

included a verbatim publication of the entire written portion of SCC 20A. Omitted, however, was a cross–section diagram entitled "Minimum Standards for Private Roads Serving Large Tract Segregations" (minimum road standards) expressly referenced in SCC 20A.24.010(5)(A), which states:

(5) Road standards:
A. Minimum road standards shall be provided as set forth in the "Minimum Standards for Private Roads Serving Large Tract Segregations" section of the adopted road standards of the county engineer. Said standards require a minimum right–of–way width of sixty (60) feet. Additional width shall be provided if necessitated by cuts or fills. Cul–de–sac rights–of–way shall be ninety (90) feet in diameter;

The omitted diagram follows:

MINIMUM
STANDARDS FOR PRIVATE ROADS
SERVING LARGE TRACT SEGREGATIONS

NOTES:

1. SURFACING WIDTH OF 13' MAY BE REDUCED TO 10' FOR 10 OR LESS LOTS AND 7' FOR 3 OR LESS LOTS TOTAL POTENTIAL TO BE SERVED

2. GRADES – MINIMUM 0.50%, MAXIMUM 15%, 20% WITH ASPHALT PAVING FOR SHORT DISTANCES

3. CURVE RADIUS NO LESS THAN 300' IN ROLLING TERRAIN AND 200' IN MOUNTAINOUS TERRAIN.

4. STOPPING SIGHT DISTANCE MINIMUM OF 275'

5. BRIDGES H-20, 26' LATERAL CLEARANCE

6. GRAVEL BASE CLASS 'B' MAY BE REPLACED WITH NATIVE MATERIAL WHERE SHOWN TO BE ADEQUATE AND SHALL PROVIDE AN ALL–WEATHER DRIVEABLE ROADWAY SURFACE

7. ENTIRE SUBGRADE AND ALL SURFACING MATERIAL SHALL BE COMPACTED WITH APPROVED COMPACTION EQUIPMENT TO 95% OF THE MATERIALS' MAXIMUM DENSITY

Following the hearing, the Planning Commission unanimously recommended approval of SCC 20A which included by reference the cross–section diagram detailing the minimum road standards. On July 30, 1979, the Board consid-

ered and officially adopted SCC 20A and the minimum road standards.

Chaussee admits that technical compliance with RCW 36.70.590 was accomplished but contends that this was insufficient to satisfy constitutional due process. He bases this contention on the fact that publication occurred in a Saturday edition of a newspaper and that the notice did not include the effective date of SCC 20A. He further contends that publication of notice of SCC 20A was insufficient notice of the minimum road standards.

■■ Notice given by publication pursuant to RCW 36.70.590 does not violate procedural due process so long as it is "reasonably calculated under all the circumstances to apprise affected parties of the pending action and afford them an opportunity to present their objections." *Barrie v. Kitsap Cy.*, 84 Wn.2d 579, 585, 527 P.2d 1377 (1974).

> The purpose of the notice required by this statute is fairly and sufficiently to apprise those who may be affected by the proposed action of the nature and character of the proposed action so as to enable them to prepare intelligently for the hearing.

*Glaspey & Sons, Inc. v. Conrad,* 83 Wn.2d 707, 711–12, 521 P.2d 1173 (1974).

Chaussee's contentions are without merit. The notice given here was adequate to comply with procedural due process. Notice was published in the Everett Herald, a legal newspaper, indicating the time, location, and purpose of the hearing. The notice further included the entire verbatim written portion of SCC 20A and was not misleading. Finally, publication of SCC 20A.24.010(5)(A) was sufficient to apprise a person of the applicability of the minimum road standards, thereby putting them on notice to inquire at the office of the county engineer to obtain details of the standards. Due process requirements do not mandate verbatim publication of the entire ordinance plus all maps, diagrams, or other documents incorporated by reference therein. *See Glaspey & Sons, Inc. v. Conrad, supra.*

The Superior Court properly determined that SCC 20A

and the minimum road standards incorporated by reference therein are constitutionally valid. RCW 7.16.120(3).

The *third* issue is whether the Superior Court in reviewing the proceeding below on a writ of certiorari was precluded from consideration of Chaussee's claim of equitable estoppel due to the inadequacy of the administrative record.

The superior court's scope of review, in reviewing a matter on a writ of certiorari, is restricted by the constraints of RCW 7.16.120. *See Andrew v. King Cy.,* 21 Wn. App. 566, 586 P.2d 509 (1978). The sole basis for error alleged by Chaussee was that permitted by RCW 7.16.120(1)–(3).

(1) Whether the body or officer had jurisdiction of the subject matter of the determination under review.

(2) Whether the authority, conferred upon the body or officer in relation to that subject matter, has been pursued in the mode required by law, in order to authorize it or to make the determination.

(3) Whether, in making the determination, any rule of law affecting the rights of the parties thereto has been violated to the prejudice of the relator.

RCW 7.16.120.

As noted, the Superior Court properly determined that the hearing examiner and Council were without jurisdiction to consider the issue of equitable estoppel and did not violate any rule of law by applying a constitutionally invalid county ordinance. The Superior Court, however, proceeded further and determined that it could consider the equitable estoppel issue, but could not decide it based on the inadequacy of the record.

A superior court acts as an appellate court reviewing the propriety of administrative action in proceedings pursuant to a writ of certiorari. *North St. Ass'n v. Olympia,* 96 Wn.2d 359, 635 P.2d 721 (1981). This special appellate function necessarily limits the extent of its jurisdiction.

> [T]he undisputed rule of law is that the office of a writ of review is to enforce the judgment which should have been rendered by the lower tribunal. It is conceded that the police commission had no jurisdiction to

adjudge costs in the proceedings which were had before it. That being true, the superior court was without jurisdiction upon the review to enter a judgment for the costs incurred in the trial before the police commissioners. Its jurisdiction could only go to the extent of rendering the judgment that should have been rendered by the lower tribunal.

*Punton v. Seattle Pub. Safety Comm'n*, 32 Wn. App. 959, 969-70, 650 P.2d 1138 (1982) (quoting *Bringgold v. Spokane*, 19 Wash. 333, 336, 53 P. 368 (1898)). It is arguable that the Superior Court was without jurisdiction to consider the issue of equitable estoppel since the tribunal it was reviewing had no jurisdiction and did not consider the issue. "A reviewing court cannot pass upon issues not actually decided by the administrative agency." *Wahler v. Department of Social & Health Servs.*, 20 Wn. App. 571, 576, 582 P.2d 534 (1978).

However, *Punton* also indicated that the superior court, in reviewing a matter on a writ of certiorari, is not limited to those issues within the jurisdiction of an inferior tribunal.

If an intermediate or reviewing administrative body is empowered to determine only certain narrow issues, this establishes only that a plaintiff does not obtain review of other issues relating to procedurally improper, illegal, or unconstitutional action which he may raise under RCW 7.16.040 and RCW 7.16.120 before initiating proceedings in superior court. The Legislature has not restricted the scope of the statutory writ of certiorari when the intermediate administrative body has a limited scope of review, and the courts will not imply such a limitation.

*Punton*, at 963; *see King Cy. v. State Bd. of Tax Appeals*, 28 Wn. App. 230, 242 n.2, 622 P.2d 898 (1980). Accordingly, the Superior Court could determine whether the actions of the County precluded application of Title 20A of the Snohomish County Code to Chaussee based on equitable estoppel.

"A governmental entity may be estopped from performing its function only when it is 'necessary to prevent a *manifest injustice* and the exercise of its governmental

powers will not be impaired thereby.'" *Playhouse Corp. v. Liquor Control Bd.,* 35 Wn. App. 539, 540, 667 P.2d 1136 (1983) (quoting *Finch v. Matthews,* 74 Wn.2d 161, 175, 443 P.2d 833 (1968)). Based on the limited hearing conducted by the hearing examiner, the record was insufficient to prove or disprove that application of the SCC 20A to Chaussee would amount to a "manifest injustice." The trial court properly concluded that "[b]ecause the record before the court is inadequate with respect to the issue of estoppel, the court cannot properly decide that issue in this proceeding."

The judgment is affirmed.

WILLIAMS and ANDERSEN, JJ., concur.