FILED
COURT OF APPEALS
DIVISION II

2015 JAN 27 AM 8: 50

STATE OF WASHINGTON
BY
DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| CECIL DUDGEON, | No. 46032-7-II |
| Appellant, | |
| v. | |
| STEVE BOYER, SHERIFF OF KITSAP COUNTY, | UNPUBLISHED OPINION |
| Respondent. | |

WORSWICK, P.J. — Cecil Dudgeon filed a petition for writ of certiorari requesting that the superior court direct the Kitsap County Sheriff's Department to modify his sex offender risk classification from level III to level I. The superior court granted Kitsap County Sheriff Steve Boyer's CR 12(b)(6) motion to dismiss Dudgeon's petition for failure to state a claim upon which relief could be granted. Dudgeon appeals from the superior court's dismissal order. We affirm.

## FACTS[1]

After his release from civil commitment as a sexually violent predator, Dudgeon reported to the Kitsap County Sheriff's Office to register as a sex offender as required under RCW

---

[1] Because we are reviewing the trial court's grant of Boyer's CR 12(b)(6) motion to dismiss, the following facts are based on the allegations contained in Dudgeon's petition, which allegations we accept as true for the purpose of reviewing his appeal. *See Reid v. Pierce County*, 136 Wn.2d 195, 201, 961 P.2d 333 (1998) (When reviewing a trial court's order of dismissal under CR 12(b)(6), the appellate court "accept[s] as true the allegations in a plaintiff's complaint and any reasonable inferences therein.")

9A.44.130. Dudgeon met with Detective Doug Dillard, the Kitsap County Community Sex Offender Registration Officer. Dudgeon presented several documents to Dillard, which documents Dudgeon claimed to show that he should be classified as a low risk level I sex offender. Dillard refused to consider Dudgeon's documents, stating that he was adopting the end of sentence review committee's classification[2] of Dudgeon as a high risk level III sex offender. The Kitsap County Sheriff's Office classified Dudgeon as a level III sex offender on February 12, 2013.

On December 17, 2013, Dudgeon filed petition for writ of certiorari, which petition requested the superior court to "direct[] the Kitsap County Sheriff's Department . . . to modify [his] level III risk classification." Clerk's Papers (CP) at 2. Boyer filed a CR 12(b)(6) motion to dismiss Dudgeon's petition. Boyer's motion asserted that the court lacked authority to direct a particular result in the discretionary risk level classification decision of the sheriff's office and, thus, must dismiss Dudgeon's petition for failing to state a claim upon which relief could be granted. The superior court held a hearing on Boyer's motion to dismiss on February 27, 2014.

At the hearing, the superior court asked Boyer what relief would be available to Dudgeon if the sheriff's office acted arbitrarily and capriciously when classifying him as a level III sex offender. Boyer responded that the court could invalidate the sheriff's classification decision and

---

[2] RCW 72.09.345 requires the end of sentence review committee to submit to local law enforcement agencies a risk level classification for sex offenders that are being released from confinement. When classifying a risk level for an offender, local law enforcement agencies are required to review the committee's risk level classification. RCW 4.24.550(6). And if the local law enforcement agency "classifies an offender differently than the offender is classified by the end of sentence review committee . . . the law enforcement agency . . . shall notify the end of sentence review committee . . . and submit its reasons supporting the change in classification." RCW 4.24.550(10).

send the case back to the sheriff's office for a new decision, but that it could not direct the sheriff's office to reach a particular result. Dudgeon argued that the trial court had authority to modify his sex offender risk level classification under RCW 7.16.040 and RCW 9A.44.140 if it determined that the sheriff's office's classification was not supported by substantial evidence.

The trial court orally ruled:

> Well, I think you're both right. I think that Mr. Dudgeon does have the opportunity to petition [the] Superior Court through a writ of certiorari to ask whether or not—or for the Court to make a determination as to whether or not the Sheriff's Office's designation of a level three was arbitrary and capricious, so I think he is entitled to, under [*In re Det. of*] *Enright*, [131 Wn. App. 706, 128 P.3d 1266 (2006),] seek that relief.
>
> But, likewise, I agree with [Boyer's counsel]: I don't believe that I have the ability, authority, or power to redesignate Mr. Dudgeon. I think all I can do, if I was inclined to do it, if I was convinced to do it, would be to send Mr. Dudgeon and his case back to the Sheriff's Office for another evaluation, if I were to determine that the first evaluation was arbitrary and capricious.
>
> So, Mr. Dudgeon, I guess what I'm telling you is that you're asking that I somehow engage in a fact finding hearing, and then ultimately you're asking I reevaluate you, and you're asking that I place you as a level one because you believe that's the more appropriate assignment. And I don't believe I have that authority or power. I think all I can do is determine whether or not the Sheriff's Office acted arbitrarily and capriciously in determining that you were a level three.
>
> So, I guess, I'm granting the motion to dismiss as it relates to the request for reclassification. I'm denying the motion as [it] relates to—if you want to make a request as to whether or not the Sheriff's Department's determination was arbitrary and capricious. And in your response, you indicate that you do find that—you believe that it was error, and that the level three assignment was unsupported by substantial evidence.
>
> So you're in one part arguing, I think to a certain extent, the Sheriff's Office was arbitrary and capricious in its determination; but then you go on to ask me to reclassify you, and that's not a power that I believe I have under the statute.

Report of Proceedings at 12-14. That same day, the superior court entered its written order dismissing Dudgeon's petition under CR 12(b)(6). Dudgeon appeals.

## ANALYSIS

Dudgeon contends that the superior court erred when it dismissed his petition for writ of certiorari under CR 12(b)(6) because the superior court had authority under RCW 7.16.040 to direct the Sheriff's Office to classify him as a level I sex offender. We disagree and affirm the superior court's order dismissing Dudgeon's petition for writ of certiorari.

We review de novo a trial court's ruling on a CR 12(b)(6) motion for failure to state a claim upon which relief can be granted. *Reid v. Pierce County*, 136 Wn.2d 195, 200-201, 961 P.2d 333 (1998). When reviewing whether the trial court's dismissal order was proper under CR 12(b)(6), we assume that the factual allegations contained within the plaintiff's complaint are true, as well as any reasonable inferences therein. *Reid*, 136 Wn.2d at 201. We will affirm a trial court's CR 12(b)(6) dismissal order "only if it appears beyond a reasonable doubt that no facts exist that would justify recovery." *Cutler v. Phillips Petroleum Co.*, 124 Wn.2d 749, 755, 881 P.2d 216 (1994).

Chapter 7.16 RCW controls the procedures for a court's consideration of a petitioner's writ of certiorari. RCW 7.16.040 provides:

> A writ of review[3] shall be granted by any court, except a municipal or district court, when an inferior tribunal, board or officer, exercising judicial functions, has exceeded the jurisdiction of such tribunal, board or officer, or one acting illegally, or to correct any erroneous or void proceeding, or a proceeding not according to the course of the common law, and there is no appeal, nor in the judgment of the court, any plain, speedy and adequate remedy at law.

---

[3] RCW 7.16.030 states, "The writ of certiorari may be denominated the writ of review."

Dudgeon argues that RCW 7.16.040 provided the superior court with statutory authority "to correct" the sheriff's office's risk classification decision by directing the sheriff's office to classify him as a level I sex offender. He thus contends that the trial court erred when it dismissed his petition under CR 12(b)(6). He is incorrect.

When deciding whether to grant a petition for writ of certiorari, a superior court's authority is limited to a determination of the following five questions:

> (1) Whether the body or officer had jurisdiction of the subject matter of the determination under review.
> (2) Whether the authority, conferred upon the body or officer in relation to that subject matter, has been pursued in the mode required by law, in order to authorize it or to make the determination.
> (3) Whether, in making the determination, any rule of law affecting the rights of the parties thereto has been violated to the prejudice of the relator.
> (4) Whether there was any competent proof of all the facts necessary to be proved, in order to authorize the making of the determination.
> (5) Whether the factual determinations were supported by substantial evidence.

RCW 7.16.120. Dudgeon's petition for writ of certiorari, however, requested relief beyond that authorized under RCW 7.16.120, because it sought a factual determination from the superior court that he should be classified as a level I sex offender.

In *Andrew v. King County*, 21 Wn. App. 566, 574-75, 586 P.2d 509 (1978), Division One of this court held that a superior court exceeded its scope of review under RCW 7.16.120 when it made a factual determination that was within the discretionary decision-making authority of the inferior tribunal being reviewed. In so holding, the *Andrew* court reasoned:

> The Superior Court cannot . . . determine from the testimony and evidence what the facts were. Nor can we.
> > "It seems clear that our statutory certiorari and review proceeding contemplates a review in the courts of the proceeding had in an inferior tribunal only upon the record of such proceeding made therein, and that

such review is in no sense a trial *de novo* of the questions determined by the inferior tribunal sought to be reviewed."

21 Wn. App. at 574 (quoting *State ex. Rel. Spokane & I.E.R. Co. v. State Board of Equalization*, 75 Wash. 90, 134 P. 695 (1913)); *see also Seattle Police Department v. Werner*, 163 Wn. App. 899, 907, 261 P.3d 218 (2011) (When reviewing an inferior tribunal's decision under RCW 7.16.120, "an appellate court is not to substitute its own judgment for that of the fact finder."). The *Andrew* court thus held that, under RCW 7.16.120, the only proper remedy from a successful writ of certiorari was to remand to the inferior tribunal for a new proceeding. 21 Wn. App. 576.

Here, RCW 4.24.550(6)(b) vested the Kitsap County Sheriff's Office with statutory authority to "assign risk level classifications to all offenders about whom information will be disseminated." In assigning a risk level classification, the Kitsap County Sheriff's Office exercises a quasi-judicial function and has "significant discretion in making that decision." *In re Enright*, 131 Wn. App. at 715. Thus, when a court reviews a classification decision in a petition for writ of certiorari and determines that substantial evidence did not support the decision under RCW 7.16.120(5), the only proper remedy is to vacate the classification decision and to remand to the local law enforcement agency for a new classification decision. *Andrew*, 21 Wn. App. 576; *Werner*, 163 Wn. App. at 907.

Accordingly, accepting the truth of Dudgeon's allegations, and even assuming that such allegations support a conclusion that his classification as a level III sex offender was not

supported by substantial evidence,[4] the superior court's dismissal of his petition was nonetheless proper because Dudgeon sought a remedy that was unavailable to him in a petition for writ of certiorari. We therefore affirm the superior court's grant of Boyer's CR 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Worswick, P.J

We concur:

_____
Melnick, J.

_____
Sutton, J.

---

[4] Although we need not reach the issue because we hold that the superior court's dismissal of Dudgeon's petition under CR 12(b)(6) was proper in light of Dudgeon's request for a remedy that was unavailable to him, we note that the sheriff's office's risk level classification here does not appear arbitrary and capricious or unsupported by substantial evidence. Under RCW 4.24.550(6), the sheriff's office was required to consider the end of sentence review committee's risk level classification when assigning a risk level classification to Dudgeon. Dudgeon previously petitioned the superior court to direct the end of sentence review committee to rescind its classification decision, which petition the superior court denied on February 21, 2013. The February 21 superior court order denying Dudgeon's prior petition, the committee's classification decision, and the evidence relied upon by the committee in reaching that decision are not reviewable in this appeal from the superior court's order dismissing Dudgeon's December 17, 2013 petition.